**Meyer L. CASMAN, Plaintiff,**

v.

**John Foster DULLES, Secretary of State, Defendant.**

**Civ. A. No. 1421–54.**

United States District Court,
District of Columbia.

March 22, 1955.

Philip W. Amram, Washington, D. C., for plaintiff.

Catherine B. Kelly, Asst. U. S. Atty., Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This case comes before the Court on cross motions for summary judgment. The action is brought to secure reinstatement to a Government position, the plaintiff claiming he is entitled to reinstatement by virtue of the provisions of the Veterans' Preference Act.

The plaintiff at the time of his separation from the Government service was employed as a judge in the legal division of the Office of Military Government of the United States in Germany. That office was, as its name indicates, under the War Department and constituted a part of the military establishment of the United States. The jurisdiction of the court or board, of which the plaintiff was a member, was

to review decisions on claims for restitution of property. In due course when some of the functions of the military government were transferred to the civil government the Board of Review was abolished, and a Court of Restitution Appeals was established under the Office of the High Commissioner, who was the principal civilian officer of the United States located in Germany. The function which the plaintiff had been performing as a member of the Board of Review now devolved upon the new agency known as the "Court of Restitution Appeals" which was established in a different department of the Government, namely, the Department of State.

The plaintiff was not continued in the service by the new agency and in this action seeks reinstatement by the Secretary of State and a judgment for back pay. Before bringing this action, however, he took an administrative appeal to the Civil Service Commission against the action of the Secretary of State in refusing to re-employ him or to continue his employment. The Civil Service Commission decided the matter in favor of the plaintiff and directed the reinstatement of the plaintiff. The Chairman of the Civil Service Commission, in his communication to the Department of State, dated May 4, 1953, called attention to the fact that under the Veterans' Preference Act it was mandatory for agencies of the Government to put into effect the Commission's recommendations pursuant to appeals under that Act. The State Department declined to comply with the direction of the Civil Service Commission and this suit followed.

The Veterans' Preference Act, 5 U.S. C.A. § 851, provides that in certification for appointment and re-employment and in retention of civilian positions of the Government, certain preferences shall be extended to veterans. It is provided that the Act shall extend to the classified civil service, the unclassified civil service, temporary or emergency establishments, and to the civil service of the District of Columbia. Obviously the plaintiff at the time of his separation from the service was in the unclassified civil service, and was within the scope of the Act unless there is some other statute that would detract from that conclusion. The Act, 5 U.S.C.A. § 861, expressly provides that in the event of transfer of function from one agency to another an employee entitled to Veterans' Preference shall be transferred to the new agency and retained in the service in preference to persons not having veterans' preference.

■ It is not disputed that this plaintiff is entitled to a veteran's preference. It is argued, however, that the Veterans' Preference Act does not apply to the Foreign Service of the United States and has been repealed pro tanto by the Act creating the Foreign Service, 22 U.S.C.A. § 801 et seq., which was enacted subsequently to the effective date of the Veterans' Preference Act. Admittedly there is no express repeal provision in the Foreign Service Act. Repeals by implication, however, are not favored. It is a well recognized elementary principle of statutory construction that except in cases of clear repugnancy between an earlier and a later statute, the later statute will not be deemed to have repealed the former, but effect will be given to both if at all possible. This is that type of a situation. There is no clear repugnancy or inconsistency between the two statutes. That it may be undesirable to foist the limitations of the Veterans' Preference Act upon the Foreign Service and upon the discretion of the Secretary of State is not a matter for the judiciary to consider. This is a question of policy for the Congress.

■ There is no doubt that there has been a transfer of function in this case to a new agency. The old agency was liquidated. A new agency was created within a different department of the Government to perform the same function. This situation is precisely within that provision of the Veterans' Preference Act which saves for a person entitled to that preference the right to be transferred to a new agency when a func-

tion is transferred from a prior agency to another establishment.

In view of these considerations, the Court is of the opinion that the plaintiff is entitled to relief and that the decision of the Civil Service Commission should be upheld.

Accordingly, the plaintiff's motion for summary judgment is granted and the defendant's cross motion is denied.

Counsel will submit a proposed form of judgment. At that time the Court will hear argument on the scope and nature of the relief to be granted.