Meyer L. CASMAN

v.

**UNITED STATES.**

No. 436–55.

United States Court of Claims.

July 16, 1958.

Philip W. Amram, Washington, D. C., for plaintiff. Amram, Hahn & Sundlun, Washington, D. C., were on the briefs.

Kendall M. Barnes, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant. Sondra K. Slade, Washington, D. C., was on the briefs.

LARAMORE, Judge.

This case comes before the court on cross-motions for summary judgment. The action is brought for back pay, plaintiff claiming that his rights under section 12 of the Veterans' Preference Act of 1944, 58 Stat. 387, 390, 5 U.S.C.A. § 861, were violated when he was not transferred at a time when there was a transfer of functions from one agency to another.

Plaintiff, a graduate of the United States Military Academy, served on active duty during World War I, and is an honorably discharged veteran.

In 1926, after graduating from the University of Michigan Post Graduate Engineering School and the University of Pennsylvania Law School, he became a member of the Bar of Pennsylvania, and has been in good standing ever since.

At the time of plaintiff's separation from the Government service he was employed as a judge in the legal division of the Office of Military Government of the United States in Germany. Plaintiff's appointment was under the Civil Service rules and regulations, and was pursuant to "Excepted Schedule A." The office he held was under the War Department and constituted a part of the military establishment of the United States. His duties, as a member of the board, or court were to review decisions on claims of restitution of property. On September 21, 1949, the functions, in part at least, of the military government were transferred to the Office of High Commissioner for Germany, referred to as "HICOG." The board of review which operated under the Office of Military Government for Germany, known as "OMGUS" was abolished, and a court of restitution appeals was established under what is above described as "HICOG," which was established under the Department of State (Foreign Service).

On October 3, 1949, plaintiff was personally notified by the Army that his services would be terminated on November 3, 1949, which date was extended to December 6, 1949. The reason assigned was "Reduction in Force—Termination" arising by reason of the "total liquidation of OMGUS." Plaintiff was then returned to the United States at the direction of the Army. During the period of plaintiff's service, his performance ratings were either "excellent" or "very good."

Before bringing this action, plaintiff took an administrative appeal to the Civil Service Commission against the action of the Secretary of State in refusing to re-employ him or continue his employment. The appeal was decided in favor of plaintiff and the Civil Service Commission directed reinstatement of plaintiff. The Secretary of State refused to comply and was again directed by the Civil Service Commission to reinstate plaintiff and again the Secretary of State refused to comply.

Plaintiff then commenced action in the District Court for the District of Columbia (Casman v. Dulles, 129 F.Supp. 428) for reinstatement. The District Court entered summary judgment for the plaintiff for reinstatement on the Court of Restitution Appeals. An appeal was taken. However, because the Court of Restitution Appeals had been abolished by the Bonn Agreements and the Paris Protocol and all cases transferred to a new "Supreme Restitution Court" and since there was no longer a post on the Court of Restitution Appeals to which plaintiff could be reinstated, by agreement of counsel the judgment of the District Court was vacated "without prejudice." The action is now pending in the District Court.*

The primary question to be answered here is whether or not the provisions of

* Since decided, Casman v. Herter, 177 F.Supp. 285.

section 12 of the Veterans' Preference Act, supra, apply in this case. Section 12 expressly provides that in retention of civilian positions of the Government, certain preferences shall be extended to veterans. The act also provides that the provisions above shall extend to the classified civil service, the unclassified civil service, temporary or emergency establishments, and to the civil service of the District of Columbia.

Plaintiff at the time of his separation was in the unclassified civil service and within the scope of the act. The act further provides that in the event of transfer of function from one agency to another, an employee entitled to veterans' preference shall be transferred to the new agency and retained in the service in preference to persons not having veterans' preference. The Government concedes that, if the transfer provisions of section 12, supra, apply with respect to plaintiff, he was deprived of his rights thereunder. The transfer provisions of section 12 read as follows:

"In any reduction in personnel in any civilian service of any Federal agency, competing employees shall be released in accordance with Civil Service Commission regulations * * *: *And provided further*, That when any or all of the functions of any agency are transferred to, or when any agency is replaced by, some other agency * *, all preference employees in the function * * * transferred * * * shall first be transferred to the replacing agency * * * before such agency * * * shall appoint additional employees from any other source * * *."

However, the Government argues that the Veterans' Preference Act, supra, does not apply to the Foreign Service, that the Foreign Service Act, 60 Stat. 999, 22 U.S.C.A. § 801, superseded the Veterans' Preference Act and repealed by implication the transfer provisions of section 12. Admittedly, there is no express repeal provision in the Foreign Service Act.

It is a familiar rule that repeal by implication is found only by reason of necessity, and repeals by implication are consistently frowned upon. Moreover, the intention of the legislature to repeal "must be clear and manifest." United States v. Borden Co., 308 U.S. 188, 60 S.Ct. 182, 84 L.Ed. 181. It is further the rule that except in cases of clear repugnancy between an earlier and a latter statute, the latter statute will not be deemed to have repealed the earlier, but effect to both should be given if possible.

In this case we can find no inconsistency between the two statutes. The question is not the power of the executive to remove a person in the Foreign Service, but whether under section 12 plaintiff should have been transferred. His rights after transfer are not in question here. Undoubtedly plaintiff could have been immediately separated if his separation came within the provisions of the Foreign Service Act. Nor is the question of policies of the Foreign Service here involved. It is only a question of whether plaintiff should have been awarded transfer rights under section 12.

Congress has given veterans certain preference rights in the event the functions of one agency are transferred to another, and there is no question that the functions of "OMGUS" were transferred to "HICOG."

Article 69, Military Government Law 59, issued by the Office of Military Government in Germany, U. S. Area of Control, on November 28, 1947, 12 Fed.Reg. 7990, gave the board of review (plaintiff's board) power to "review any decision on any claim for restitution * * * and to take whatever action is deemed necessary * * *."

Paragraph (a) of Regulation 4 under Military Government Law 59 (Germany); establishment of board of review, dated August 10, 1948, provided for establishment of the board of review and designated the seat.

Paragraph 2 of "HICOG" Staff Announcement No. 5 of 21 September 1949,

providing for organization and function, reads:

"(a) *Organization and seat.* The Board of Review (hereinafter referred to as "the Board") provided for in Article 69 of Military Government Law No. 59 is hereby established. Its principal seat shall be at Nurnberg, but it may sit at such other places in the U. S. Zone as it may from time to time deem appropriate."

On December 28, 1949, Article 69 of U. S. Military Government Law No. 59, 15 Fed.Reg. 1547, as amended to read as follows:

"Court of Restitution Appeals

"The United States Courts of the Allied High Commission for Germany shall have jurisdiction to review any decision on any claim for restitution under this law and to take any action which they shall deem necessary or proper in respect thereof. The United States High Commissioner for Germany may provide by regulation for the establishment of a standing panel of the United States Courts of the Allied High Commission for Germany to exercise such jurisdiction as a Court of Restitution Appeals. Such regulations shall provide for the jurisdiction and procedure of such court and for such other matters as are deemed appropriate."

Article 6 of Regulation No. 7, issued by the Office of the United States High Commissioner for Germany, on December 28, 1949, 15 Fed.Reg. 1548, provides:

"Transitional Provisions

"All proceedings pending before the Board of Review on the effective date of this Regulation as amended and all decisions and actions made or taken by said Board in the due exercise of its jurisdiction and powers shall be deemed proceedings before the decisions and actions of the Court of Restitution Appeals. Said Court in the interest of justice shall permit such proceedings to go forward from the stage at which such proceedings became subject to its jurisdiction or from any earlier stage and may take any action in the premises which it may deem appropriate to protect the interests of the parties thereto: *Provided, however,* That the Court of Restitution Appeals shall not review or reverse final decisions of the Board of Review."

In the light of the above we cannot conceive how a more complete transfer of functions could be accomplished.

Section 12 of the Veterans' Preference Act, supra, provided the procedure in the event of transfer of functions and we can find no repugnancy between it and the Foreign Service Act, supra. If for any reason it is undesirable to impose the Veterans' Preference Act upon the Foreign Service in this instance, the question is for Congress rather than the courts.

Defendant then argues that the Veterants' Preference Act cannot consistently with constitutional requirements be applied to the Foreign Service, and that the Chief Executive has discretionary power under the constitution to remove purely executive employees.

The short answer to this contention is that plaintiff was not a Foreign Service employee. What could happen if and when plaintiff was transferred is entirely another question and one we are not called upon to answer here.

Lastly, the Government argues that plaintiff's position in the Occupation Government of Germany was of a purely executive character and that the President has unlimited and unrestricted power to remove. We agree that in the case of "executive officers" the power to remove is vested in the President. Myers v. United States, 272 U.S. 52, 47 S.Ct. 21, 71 L.Ed. 160; United States v. Perkins, 116 U.S. 483, 6 S.Ct. 449, 29 L.Ed. 700. In the instant case, however, Congress restricted the power to remove.

In summary, plaintiff comes within the scope of the Veterans' Preference Act, supra. The functions of "OMGUS" were

transferred to "HICOG" and plaintiff's rights were violated when he was not accorded transfer rights.

Plaintiff's cross-motion for summary judgment is granted, and defendant's motion is denied.

Plaintiff is entitled to recover his salary from December 7, 1949, the date of his wrongful removal, to August 5, 1955, the date when the agency was abolished by the Bonn Agreements and the Paris Protocol, less any outside earnings of plaintiff, and judgment will be entered to that effect. The amount of recovery will be determined pursuant to Rule 38 (c) of the Rules of this court, 28 U.S.C.A.

It is so ordered.

JONES, Chief Judge, and MADDEN, WHITAKER and LITTLETON, Judges, concur.