Meyer L. CASMAN, Plaintiff,

v.

Christian A. HERTER, Secretary of State, Defendant.

Civ. A. No. 1421–54.

United States District Court District of Columbia.

Oct. 5, 1959.

Philip W. Amram, Washington, D. C., for plaintiff.

Oliver Gasch, U. S. Atty., and Harold D. Rhynedance, Jr., Asst. U. S. Atty., Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This is an action against the Secretary of State brought by a former member of the staff of the Department of State, to enforce his alleged rights under the Veterans' Preference Act.[1]

Admittedly, the plaintiff is entitled to veterans' preference if the position to which he seeks to be restored falls within the terms of the Act. At the time of his separation from the Government service, the plaintiff occupied the position of a Judge in the Legal Division of the Office of Military Government of the United States in Germany. This office was a part of the military establishment of the United States. Some of the functions of the Military Government, including those performed by the plaintiff, were later transferred to the Court of Restitution Appeals, which was established under the Office of the High Commissioner, who was the principal civilian officer of the United States located in Germany.

The plaintiff claimed that under the Veterans' Preference Act, he was entitled to be transferred to a position similar to that which he had occupied in the office of the Military Government, and to receive a similar office in the new Court of Restitution Appeals. The Department of State having declined to recognize this alleged right, he brought suit in this Court and his contention was sustained, Casman v. Dulles, D.C., 129 F.Supp. 428. This Court ordered his reinstatement and directed that he be appointed to the Court of Restitution Appeals.

The last mentioned provision of the order of this Court later became moot, because the Court of Restitution Appeals was abolished and a new court was established to be known as the Supreme Restitution Court. An amended complaint was then filed by the plaintiff, seeking an appointment to the Supreme Restitution Court. An appeal from the adverse action of the Agency had been taken to the Civil Service Commission. The Commission in turn sustained the plaintiff's contention and on January 15, 1958, it recommended that the plaintiff be appointed to a position as Justice of the Supreme Restitution Court, Third Divi-

1. 5 U.S.C.A. § 861.

sion. The Department of State declined to comply with this recommendation and the plaintiff seeks an order of this Court requiring compliance.

The matter is before the Court on cross-motions for summary judgment. It is true that the rulings of the Civil Service Commission in matters such as this are mandatory upon the employing agency, 5 U.S.C.A. §§ 863, 868. This is not disputed by counsel for the Department of State, but it is contended by the defendant that the Civil Service Commission exceeded its jurisdiction and, therefore, its order is void on the ground that the position to which the plaintiff seeks to be reinstated is not within the scope of the Veterans' Preference Act. This makes it necessary for the Court to consider the nature of the position to which the plaintiff desires to be appointed. He claims he is entitled to be appointed a member of the Supreme Restitution Court, Third Division. This tribunal was established by a Convention between the United States of America, the United Kingdom of Great Britain and Northern Ireland, and the French Republic, and the Federal Republic of Germany, dated May 26, 1952. The Convention provided that this tribunal should be composed of fifteen members appointed respectively by the United States, the United Kingdom, and the French Republic. The tribunal was to be divided into three divisions and was to hear claims to property wrongfully seized by the Nazi Government. The Third Division, to which the plaintiff seeks to be appointed, is composed of two representatives or members selected by the United States, two chosen by Germany, and a fifth who is a neutral member.

The question to be determined at the outset is the nature of the tribunal. This Court is of the opinion that clearly it is an international tribunal and not a national court of the United States. It is established by treaty between several countries. It is composed of members some of whom are appointed by the United States and others by other countries. The contention that this tribunal is an agency of the United States is, in the opinion of this Court, not well founded.

This brings the Court to the next question and that is whether a tribunal such as this is within the scope of the Veterans' Preference Act in respect to its American members. The Veterans' Preference Act, 5 U.S.C.A. § 851, provides that the Veterans' Preference Act shall apply to all establishments, agencies, bureaus, administrations, projects, and departments of the Government, meaning of course the Government of the United States. Section 861, which relates to transfers of positions from one agency to another, uses the phrase "federal agency". The Court is of the opinion, as heretofore stated, that the tribunal here in question is not a federal agency of the United States. It is clearly an international tribunal and, therefore, membership on that tribunal is not within the terms of the Veterans' Preference Act. It is inconceivable to this Court that the action of the President or Secretary of State in selecting members of international tribunals, would be curtailed or circumscribed by the Veterans' Preference Act. But, in any event, it seems clear to this Court, as heretofore discussed, that by its very terms, the Veterans' Preference Act does not apply to the position here in question.

In the light of these circumstances the plaintiff's motion for summary judgment will be denied and the defendant's motion for summary judgment will be granted.