Horace J. FELDMAN, Appellant

v.

Christian A. HERTER, Secretary of State, Appellee.

No. 15174.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 20, 1960.

Decided Feb. 25, 1960.

Mr. Hans A. Nathan, Washington, D. C., for appellant.

Mr. Walter J. Bonner, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee. Mr. Harold D. Rhynedance, Jr., Asst. U. S. Atty., and Miss Virginia V. Meekison, Attorney, Department of State, also entered appearances for appellee.

Before EDGERTON, WILBUR K. MILLER, and FAHY, Circuit Judges.

EDGERTON, Circuit Judge.

Appellant Feldman is an honorably discharged veteran entitled to preference in government employment. In 1949 he was serving as Clerk of a United States Military Government Court in Germany. Military Government was liquidated and the Department of the Army discharged Feldman.

The Veteran's Preference Act of 1944 provides: "That when any or all of the functions of any agency are transferred to * * * some other agency * * * all preference employees in the function or functions transferred * * * shall first be transferred to the replacing agency * * * for employment in positions for which they are qualified, before such agency * * * shall appoint additional employees from any other source for such positions." Act of June 27, 1944, § 12; 58 Stat. 390, 5 U.S.C.A. § 861 (1958). As amended in 1947, the Act provides that when a "preference eligible" is discharged he may appeal to the Civil Service Commission, and that when the Commission submits its findings and recommendations to the proper administrative officer "it shall be mandatory for such administrative officer to take such corrective action as the Commission finally recommends." Act of August 4, 1947, amending § 14; 61 Stat. 723, 5 U.S.C.A. § 863 (1958).

Feldman appealed to the Civil Service Commission. The Commission found that the functions of Military Government Courts had been transferred to the Department of State and that Feldman should have been transferred. The Commission recommended as corrective action that he be restored to "a position of like status and pay" in the Department of State. The Department rejected the recommendation on the ground that the functions of Military Government Courts had not been transferred. The Department contends, also, that it has no positions of "like status and pay", and that § 12 of the Veteran's Preference Act does not apply to the Foreign Service.

This appeal followed Feldman's unsuccessful suit in the District Court to require the Secretary of State to take the corrective action that the Civil Service Commission recommended. The District Court granted the Secretary's motion for summary judgment. We think this was erroneous.

In our opinion, "There is no doubt that there has been a transfer of function in this case to a new agency. The old agency was liquidated. A new agency was created within a different department of the Government to perform the same function. This situation is precisely within that provision of the Veterans' Preference Act which saves for a person entitled to that preference the right to be transferred to a new agency when a function is transferred from a prior agency to another establishment." Casman v. Dulles, D.C., 129 F.Supp. 428, 429–430. Cf. Madsen v. Kinsella, 343 U.S. 341, 356–360, 72 S.Ct. 699, 96 L.Ed. 988; Casman v. Herter, D.C., 177 F. Supp. 285; Casman v. United States, 135 Ct.Cl. 647. If no position of precisely "like status and pay" is available, the Department of State should carry out the Commission's recommendation as nearly as may be by employing appellant, as the statute requires, in a position "for which [he is] qualified, before [it] shall appoint additional employees from any other source for such positions." We need not decide whether his appointment should be in the Foreign Service or elsewhere in the Department of State.

The judgment of the District Court is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.