THE PEOPLE OF THE TERRITORY OF GUAM, Plaintiff

v.

CARLOS G. CAMACHO; KURT S. MOYLAN; FRANK F. BLAS;
JOSE Q. TAITANO; MELVIN S. ILAGAN; JOHN D. GILLIAM;
MARIA C. DUENAS, and JOE T. SAN AGUSTIN; GREGORIO
SANCHEZ, and JOSE B. SARMIENTO and AUGUSTO M. GOGUE,
Defendants

Criminal Nos. 41F-75, 47F-75, 46F-75,
44F-75, 37F-75, 42F-75, 40F-75, 39F-75,
45F-75, 38F-75, 43F-75

Supreme Court of Guam

November 24, 1975

Before RAKER, *Associate Justice* by designation, WEEKS, *Associate Justice* by designation, and HEFNER, *Associate Justice* by designation

HEFNER, *Associate Justice* by designation

## JUDGMENT

The various defendants have joined in a motion to dismiss the indictments filed against them on several grounds. The basic issue to be determined is whether Public Law 12–173, the Independent Special Prosecutor Act of 1974, is in conflict with the Organic Act of Guam. After a review of the points and authorities submitted, all of the grounds except one can be summarily dealt with.

██ The defendants assert that Public Law 12–173 is a Bill of Attainder and therefore violates 48 U.S.C. Sec. 1421b(j) and the United States Constitution, Article I, Section 10. It is clear that all the elements necessary to find a bill of attainder are not present. The defendants may be an ascertainable class and Public Law 12–173 may recite sufficient activities deemed reprehensible but there is no declaration of guilt, or imposition of legislative judgment and verdict or a prescription of punishment. In short, there has been no trial by Legislature.

The defendants next argue that this Court does not exist pursuant to *Agana Bay Development Company (Hong Kong) Ltd. v. Supreme Court of Guam*, Civil Case No. 74-177.

██ This Court, at the hearing on August 23, 1975, made its position clear. The Supreme Court of Guam is not an

appellate court for the purpose of this hearing. The effect of the *Agana Bay* case, supra, is limited by the decision of Judge Curtis, United States District Judge, in his opinion in Civil Case 75-049, *Sanchez, et al. v. Supreme Court of Guam*. See also *Look v. Government of Guam*, 497 F.2d 669, 700 (9th Cir. 1974).

■ Thirdly, the defendants claim the Chief Judge of the Superior Court abused his discretion in the appointment of Mr. St. Pierre as Special Prosecutor. Since no testimony was taken and counsel for the defendants have not advanced this ground further, there is nothing upon which this Court can determine one way or the other whether this argument has merit.

Of major concern to the Court is whether the Special Prosecutor Act, Public Law 12–173, violates the basic concept of the separation of powers and therefore violates the Organic Act of Guam.

The pertinent provisions of the law challenged by the defendants are the following:

A Special Prosecutor independent of the Executive Branch of government should be properly appointed by the Judicial Branch of government, and Section 6 of the Organic Act of Guam (Chapter 8A, Title 48, U.S.C.A.) provides authority for the Legislature to vest such appointment other than in the Governor of Guam. Public Law 12–173, Section 2(d).

The establishment of an independent Special Prosecutor is an appropriate exercise by the Legislature of the power under Section 11 of the Organic Act of Guam which extends to "all subjects of local application" in that all such activities are alleged to have occurred in Guam. Public Law 12–173, Section 2(e).

The Chief Judge of the Superior Court of Guam is authorized and directed to appoint a Special Prosecutor and a Deputy Special Prosecutor with the experience, abilities and reputation necessary to perform the responsibilities in these offices who shall have the duties and powers prescribed by this Act. The Deputy Special Prosecutor shall have such duties as are assigned by the Special Prosecutor and in his absence shall serve as the Special Prosecutor.

The Chief Judge shall establish the salaries for the Special Prosecutor and the Deputy Special Prosecutor. Public Law 12–173, Section 3 as amended.

The Organic Act of Guam, 48 U.S.C. Sec. 1421 et seq., provides in part:

The government of Guam shall consist of three (3) branches, Executive, Legislative and Judicial .... Sec. 1421a.

The executive power of Guam shall be vested in an executive officer whose official title shall be the "Governor of Guam."

*      *      *

The Governor shall have general supervision and control of all the departments, bureaus, agencies and other instrumentalities of the executive branch of the government of Guam. . . . He shall appoint, and may remove, all officers and employees of the executive branch of the government of Guam, except as otherwise provided in this or any other Act of Congress, or under the laws of Guam, and shall commission all officers that he may be authorized to appoint. He shall be responsible for the faithful execution of the laws of Guam and the laws of the United States applicable in Guam. Sec. 1422.

The Governor shall, except as otherwise provided in this Act or the laws of Guam, appoint, by and with the advice and consent of the Legislature, all heads of executive agencies and instrumentalities. Sec. 1422c(a).

All officers shall have such powers and duties as may be conferred or imposed on them by law or by executive regulation of the Governor not inconsistent with any law. Sec. 1422c(b).

The Governor shall, from time to time, examine the organization of the executive branch of the government of Guam, and shall determine and carry out such changes therein as are necessary to promote effective management and to execute faithfully the purposes of this Act and the laws of Guam. Sec. 1422c(c).

The legislative power of Guam shall extend to all subjects of legislation of local application not inconsistent with the provisions of this Chapter and the laws of the United States applicable to Guam. Sec. 1423(a).

It is clear, indeed uncontested, that the Organic Act of Guam does establish the traditional three branches of government and the concept of separation of powers.

Both the Special Prosecutor and the defendants agree that prosecution is an executive function. *United States v. Nixon*, 94 S.Ct. 3090.

The Special Prosecutor argues that if the Legislative Branch does not have the power to authorize and direct a member of the Judicial Branch to appoint a prosecutor "or for that matter, any other executive officer," then the judiciary would have no power to appoint any judicial or non-judicial officer and therefore the courts could not operate. The Special Prosecutor then relies upon § 1422 of the Organic Act to support the conclusion that the Act allows the Legislative Branch to appoint officers and employees of the Executive Branch.

The first matter which must be decided is whether the vesting of the appointment of the Special Prosecutor in a court is a valid exercise of the legislative power of the Guam Legislature.

The same issue confronted the United States House of Representatives when it considered House Resolution 11401 which would have appointed a three judge panel to appoint a Special Prosecutor for the so-called "Watergate affair". Legal scholars as well as members of the House of Representatives differed as to the constitutionality of such an appointment. The U.S. House of Representatives did not pass House Resolution 11401 and solved the problem in another manner and was able to avoid the problem of the validity of such an appointment. The Court in *Nader v. Bork*, 366 F.Supp. 104 (D.C. 1973), deplored the suggestion of the appointment of a Special Prosecutor by the courts at page 109 but no final judicial determination was made as to its validity.

There are two basic differences between the United States Constitution and the Organic Act of Guam in relation to

the power of the Legislative Branch to appoint Executive Branch officials.

First, Article II, Section 2, Clause 2 of the United States Constitution provides:

He [the President] shall have power by and with the Advice and Consent of the Senate to make Treaties, provided two-thirds of the Senators present concur; and he shall nominate, and by and with the Advice and Consent of the Senate, shall appoint Ambassadors, other public Ministers and Consuls, Judges of the Supreme Court, and all other Officers of the United States, whose Appointment are not herein otherwise provided for, and which shall be established by Law; *but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments.* (Emphasis added.)

For appointment to the Executive Branch by someone other than the Governor, the Special Prosecutor relies on 48 U.S.C. Sec. 1422 which does not have comparable provisions as emphasized above and specifically does not vest appointment power in the courts of law.

Secondly, the doctrine of separation of powers has developed by case law and interpretation of the United States Constitution. It does not specifically set up the three branches of Government. However, the Organic Act of Guam, in 48 U.S.C. Sec. 1421a, does this.

By reading the Organic Act of Guam in its entirety and comparing it with the United States Constitution, the conclusion is inescapable that the Guam Legislature is more limited in Executive Branch appointments than that reserved to the United States Congress. Not only does the Organic Act specifically establish the three branches, but it also spells out the power of the Governor as head of the Executive Branch. If one was to conclude from 48 U.S.C. 1422 and 1422(a) that the Guam Legislature had unlimited rights of appointment and removal of Executive Branch officers and employees, the entire concept of separation of

506

powers and the authority granted the Governor would be meaningless. 48 U.S.C. 1423(a) makes it clear that the Legislative Branch does not have that unlimited right of appointment.

Therefore, this Court must look to the specifics of Public Law 12–173 and apply the Organic Act of Guam with all the significance and reasoning for the separation of powers in mind.

One of the earliest United States Supreme Court cases dealing with the appointment of executive officials by courts of law is *Ex parte Siebold*, 100 U.S. 371 (1879). The court sustained the appointment of supervisors of congressional elections by judges, pursuant to legislation enacted by the United States Congress. The Court discussed the application of Article II, Section 2, Clause 2 of the Constitution. Even though this clause provided clear authority for the Legislative Branch to vest the appointment of executive officers in the courts of law, the court considered whether the Legislative Branch had the power to impose on the courts the appointments.

The Court stated:

It is no doubt usual and proper to vest the appointment of inferior officers in that department of the government, executive or judicial, or in that particular executive department to which the duties of such officers appertain. ... But as the Constitution stands, the selection of the appointing power ... is a matter resting in the discretion of Congress.

In discussing some older cases where the courts declined to exercise certain duties imposed by Congress, the Court stated:

The law of 1792 which required the circuit courts to examine claims to revolutionary pensions, and the law of 1849, authorizing the district judge of Florida to examine and adjudicate upon claims for injuries suffered by the inhabitants of Florida from the American army in 1812, were rightfully held to impose upon the courts

507

powers not judicial, and were therefore, void. But the duty to appoint inferior officers, when required thereto by law, is a constitutional duty of the courts; and in the present case there is no such incongruity in the duty required as to excuse the courts from its performance, or to render their acts void. It cannot be affirmed that the appointment of the officers in question could, with any greater propriety, and certainly not with equal regard to convenience, have been assigned to any other depositary of official power capable of exercising it. Neither the President, nor any head of department, could have been equally competent to the task.

At first blush one may consider *Siebold* as authority for the appointment of a special prosecutor by the courts. However, the "incongruity" which concerned the United States Supreme Court also concerns this Court when considering the express establishment of the three branches of Government (Sec. 1421a), the vesting of the executive power in the Governor and that "He shall be responsible for the faithful execution of the laws of Guam and the laws of the United States applicable in Guam." (From Sec. 1422)

As pointed out in *United States v. Cox*, 342 F.2d 167 (1965), a prosecutor acts as an agent of the executive in carrying out the executive's constitutional duty of enforcement of the laws.

The normal way by which an executive officer is designated is by executive appointment. Once the appointment is vested in the courts it is suspect. Public Law 12–173 not only vests the appointment power in the Chief Judge of the Superior Court of Guam but it also states that the Chief Judge shall establish the salaries for the appointees (Special Prosecutor and the Deputy Special Prosecutor). The Chief Judge shall fill any vacancy and pursuant to Section 12, the Chief Judge of the Superior Court has the sole and exclusive power to dismiss the Special Prosecutor.

It must be noted that none of the statutes considered in the cases referred to herein, which deal with the appoint-

ment of executive officials by the Judiciary, approach the scope and authority of Public Law 12–173.

One does not need to ponder long on how the Legislative Branch could effectively decimate the Executive Branch by designating a member of the Judicial Branch with the powers given in Public Law 12–173. If a judge is given the power to appoint and remove executive officials along with the power to establish the salaries from funds appropriated by the Legislature, the Legislature then could reduce the funds appropriated for the Executive Branch and divert the funds to the judicially appointed officials.

Support for Public Law 12–173 cannot be found in using the examples cited by the Special Prosecutor. It is true that 28 U.S.C. 546 provides for the appointment by the courts of United States attorneys. The statute was sustained in *United States v. Solomon*, 216 F.Supp. 835 (S.D.N.Y. 1963), but the power given to the District Courts by the law is only an interim one to fill any vacancy in the office. The President, by filling the vacancy, can divest the appointee of his job. In addition, the President is empowered instantly to remove any United States attorney whom the court may appoint. *Solomon*, supra at page 843.

28 U.S.C. 565 provides for the appointment by the courts of the United States marshals. Once again this is to temporarily fill a post which is vacant until the vacancy is filled permanently. *Siebold*, supra at page 397.

Under the Criminal Justice Act of 1964, as amended (78 Stat. 552, 18 U.S.C. 3006A), the courts appoint defense counsel for a particular case where the defendant cannot afford counsel. A review of Subsection (b) of § 3006A demonstrates the great difference in the appointment process there and the one provided for in Public Law 12–173. 18 U.S.C. 3006A simply cannot be used as support for Public Law 12–173.

The appointment of defense counsel on a case by case

basis by the court is far removed from the appointment of a prosecutor who serves for a term of at least a year, whose salary is fixed by the court and whose removal and discharge is vested in the court. The ethical problem of such a prosecutor appearing in the appointing judge's court is obvious.

Another problem exists with Public Law 12–173. The Court must look to what the appointee does and what his function is, even assuming he is properly appointed. An appointment by itself may not violate the separation of powers doctrine but once the appointee begins to function, there may be such a violation unless there is some authority to authorize the activity.

In the case of *United States v. Nixon*, supra, a Special Prosecutor represented the Government. Article II, Section 2 of the United States Constitution authorizes Congress to vest in the Attorney General the power to conduct the criminal litigation of the United States Government. 28 U.S.C. Sec. 516. Congress also vested in the Attorney General the power to appoint subordinate officers to assist him in the discharge of his duties. 28 U.S.C. §§ 509, 510, 515, 533. Pursuant thereto, the Attorney General delegated the authority to represent the United States in the Watergate matter to a Special Prosecutor.

Thus, in the Watergate Special Prosecutor cases, a clear line of authority traceable to the Constitution of the United States is evident, whereby the Special Prosecutor could support his existence and activity from the Legislative Branch. In other words, the appointment of the Special Prosecutor was proper pursuant to 28 U.S.C. 533 and the activity to be engaged in, the prosecution of the cases, was authorized by 28 U.S.C. Sec. 516.

As pointed out above, the Guam Organic Act does not have a provision similar to Article II, Section 2 of the United States Constitution. Rather, the Organic Act states

that the Governor shall have general supervision and control of all departments and agencies of the Executive Branch (48 U.S.C. Sec. 1422) and he shall, except as otherwise provided in the Organic Act of the Laws of Guam, appoint all heads of the executive agencies and instrumentalities with the advice and consent of the Legislature. The issue then is whether the exception underlined above authorizes the appointment of the Special Prosecutor and the activities resulting therefrom.

The legislative power extends to all subjects of legislation of local application not inconsistent with the provisions of the Organic Act. 48 U.S.C. Sec. 1423a.

Public Law 12–173 prescribes the duties, powers and functions of the Special Prosecutor. Simply stated, he is to investigate and prosecute alleged crimes committed by certain persons. As stated in the Special Prosecutor's points and authorities in opposition to defendants' motion for dismissal, the Special Prosecutor is "to invoke the criminal process as provided under the Rules of Criminal Procedure and the Organic Act."

Therefore, it is clear that the Special Prosecutor is to perform the same or substantially similar activity as the Attorney General of Guam who is appointed by the Governor with the advice and consent of the Legislature. Indeed, Public Law 12–173, Section 6(6), affirms this.

At the same time that the Special Prosecutor is exercising his quasi Attorney General powers, he is declared to be independent of the Executive Branch (P.L. 12–173, Section 2(c) and (d)) and shall have exclusive jurisdiction over the offenses alleged to have been committed by the defendants. (P.L. 12–173, Section 5)

██ Such a prosecutor cannot, consistent with the separation of powers doctrines, perform basic prosecutive functions such as signing indictments, granting immunity, trying cases in the courts and making other basic prosecu-

tive judgments. The fact remains that the prosecution of offenses is a purely Executive Branch function that must be exercised by an official of that Branch. Legislative power, as distinguished from executive power, is the authority to make laws, but not to enforce them or appoint the agents charged with the duty of such enforcement. The latter are executive functions. *Springer v. Philippine Islands*, 277 U.S. 189, 202 (1928). See also *United States v. Cox*, supra, where the court stated that the United States attorney is an executive official of the Government and he exercises discretion whether there should be prosecution in a particular case. The court went on to say: "It follows as an incident of the constitutional separation of power, that the courts are not to interfere with the free exercise of the discretionary powers of the attorneys of the United States in their control over criminal prosecutions."

The incongruity which the United States Supreme Court spoke about in *In re Siebold,* supra, is apparent.

We therefore find that Public Law 12–173 is in violation of the Organic Act of Guam. Not only is the appointment process indicated therein invalid but the functions to be performed by the Special Prosecutor run afoul of the intent of the Organic Act. The doctrine of separation of powers has been violated.

Since the indictments against the defendants are the fruit of the attempted usurpation of power by the Legislative Branch, they must fall from the improperly planted tree, Public Law 12–173.

The indictments of the defendants shall be and the same are hereby dismissed.