**Darryl D. VILES, Plaintiff,**

v.

**W. Graham CLAYTOR, Jr., Defendant.**

**Civ. A. No. 79–1512.**

United States District Court,
District of Columbia.

Dec. 12, 1979.

---

Stephen C. Glassman, Washington, D. C., for plaintiff.

Asst. U. S. Atty. Robert E. Eaton, Jr., Washington, D. C., for defendant.

## MEMORANDUM ORDER

JOHN GARRETT PENN, District Judge.

This case comes before the Court on defendant's motion to dismiss, or in the alternative, for summary judgment.[1] The Court heard arguments on November 14, 1979, and requested the parties to file additional memoranda on certain questions posed by the Court during oral argument.[2]

### I

The undisputed facts are as follows: The plaintiff is a regular member of the United States Naval Dental Corps and had been promoted to each rank upon his first eligibility until 1974. In that year, the plaintiff, who was then a commander, was eligible for consideration for promotion to captain. The Dental Corps Promotion Selection Board (Board) failed to select plaintiff in 1974, and in 1975 he applied to the Board for Correction of Naval Records (BCNR) for relief. That Board approved in part

and denied in part the relief requested by the plaintiff. Plaintiff's record was corrected to delete from his personnel file four fitness reports, which apparently were somewhat derogatory in nature, and any material indicating that he had been passed over for promotion by the 1974 Board.[3]

The plaintiff thereafter appeared before Boards considering promotions for 1976, 1977 and 1978 and on each occasion was passed over for selection. Those Boards were convened under the authority of the defendant, and prior to the convening of those Boards, the Chief of Naval Personnel distributed a document entitled "Officer Requirements for Promotion and Administrative Selection Boards" which had attached as an enclosure, a document entitled "General Board Information" (the entire document together with its enclosure is hereinafter referred to as the "Requirements") which provided in part that:

Officers having been nonselected one or more times for promotion to any grade are not eligible to serve as members on Promotion Selection Boards.

The effect of the above Requirements was to direct that only "due course" officers, i. e., those *never* having been passed over, are eligible to sit on the Boards.[4]

1. Although the plaintiff has not filed a written motion for summary judgment, he requested, both during argument, and in his memorandum in opposition to the pending motion, that the Court grant him summary judgment should the court conclude that there are no factual issues remaining in the case and he is entitled to judgment as a matter of law. He requested, in lieu thereof, that the Court permit him to undertake discovery citing Fed.R.Civ.P. 56(f), to explore certain factual issues raised by defendant in the affidavit of Captain R. E. May, U.S.N. (Deft's Mo. Ex. 3).

2. One question posed by the Court was whether there is a rule or regulation which requires that a flag officer sit as president of a Promotion Selection Board. The statute, 10 U.S.C. § 5702(a)(2), merely requires that a Board considering promotion of a commander to captain consist of "not less than six or more than nine officers serving in the grade of commander or above". Another question posed by the Court was whether the Promotion Selection Board for the Dental Corps must consist solely of officers

of the Dental Corps, or whether line officers can be included in the membership. The statute, 10 U.S.C. § 5702(b), provides that the Board shall consist of members of the corps concerned, however, 10 U.S.C. § 5702(c) does allow the use of line officers under certain conditions. The question was directed to any rules or regulations providing for the membership of the Boards. Defendant was directed to file a supplemental memorandum on or before November 20, 1979, and plaintiff was directed to file his supplemental memorandum on or before November 26, 1979.

3. It appears from the Administrative File that one of the plaintiff's former superior officers had prepared derogatory fitness reports. Plaintiff contended in his application to the BCNR that those reports contain distortions of the relevant facts and apparently the BCNR agreed. *See* letter from Department of the Navy dated October 16, 1975.

4. *See also* 10 U.S.C. § 5776.

The Boards which considered plaintiff for promotion for 1976, 1977 and 1978[5] had as their presidents, rear admirals in the Dental Corps who had been passed over on one or more occasions by boards considering their promotions and who therefore were not "due course" officers.[6]

Plaintiff again applied to the BCNR for relief seeking a retroactive promotion citing the failure of the Boards for 1976, 1977 and 1978 to consist of only "due course" officers as mandated by the Requirements. The BCNR denied relief holding that so much of the Requirements as referred to "due course" officers was not binding.[7]

## II

Plaintiff argues that the Boards which considered his promotions for 1976, 1977, and 1978 were illegally constituted. Defendant admits that each of those Boards included a president who was a non "due course" officer, but contends that the Requirements are nothing more than guidelines and are not binding on the Navy.

The Chief of Naval Personnel distributed the Requirements throughout the service prior to the convening of each of the Boards for 1976, 1977 and 1978. Similar Requirements have been distributed in years prior to those under consideration here. Indeed, the policy and the practice of using only "due course" officers on Boards dates from "at least as far back as 1964".[8] The Requirements do not provide that non due course officers may be substituted or that a flag officer[9] is required to sit as the presiding officer.

■ The facts presented in this case, taking into consideration the nature of the

Requirements, the fact that the Requirements are distributed throughout the service, the fact that they provide for no exception to the use of only due course officers, and the fact that such Requirements had been the policy and practice of the Navy since at least 1964, lead this Court to conclude that the due course Requirement enjoys the status of a rule or regulation. These Requirements also provide that "[n]ominations [for membership on the Boards] *must* be submitted in accordance with the criteria contained in enclosure (1) [General Board Information]" (Emphasis and matter in brackets supplied.) This further supports the conclusion that the Requirements had the force of a rule or regulation.

## III

Once the Navy established the Requirements as a rule over a period of time, and published and circulated those Requirements as being a rule which *must* be followed in selecting officers to sit on the Boards for 1976, 1977 and 1978, it was required to follow that rule. The Navy, like any other agency of the government, must "scrupulously observe rules, regulations, or procedures which it has established". *United States v. Heffner*, 420 F.2d 809, 811 (4th Cir. 1969). As that court noted "[i]t is of no significance that the procedures or instructions . . . are more generous" than required by statute or other rules or regulations. Id. at 812. The fact that the Requirements go beyond the statute does not mean that they need not be followed. *See also Yellin v. United States*, 374 U.S. 109, 83 S.Ct. 1828, 10 L.Ed.2d 778 (1963); *Service v.*

---

5. Convened in October 1975, July 1976, and July 1977, respectively.

6. Counsel for defendant has explained that non "due course" flag officers in the Dental Corps are not unusual since there are only three flag officer positions available in that corps; anyone seeking promotion to rear admiral would most likely have been passed over at least one time.

7. Plaintiff had requested that, in view of the defect in the membership of the three boards,

the actions of the board be declared "void ab initio", that defendant be required to remove from plaintiff's personnel file all records indicating that he had been passed over and that the plaintiff be considered for promotion by the next board.

8. *See* Deft. Mo. Ex. 3, par. 4.

9. A flag officer is an officer holding the rank of rear admiral or above.

*Dulles,* 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1959); *United States ex rel. Accardi v. Shaughnessy,* 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954).

Simple fairness requires the Navy to follow the long-standing written policy and practice which has been reinforced by publication of the Requirements prior to the selection of each of the Boards which were to consider officers for promotion to captain for 1976, 1977, and 1978.

## IV

■ The defendant argues that the Navy could not comply with the Requirements in selecting officers to sit on the Boards because, of the three flag officers in the Dental Corps, only one was a due course officer and he was disqualified since he was the Chief of the Dental Corps. This argument, however, implies that there is a requirement that a flag officer sit as a member of the Board; this Court has found no such requirement.

■ The statute, 10 U.S.C. § 5702(a)(2), merely provides that the Board considering promotions from commander to captain consist of officers of the grade of commander or above. The defendant conceded during oral argument that there were a sufficient number of due course commanders and captains, either group or both, to staff any Board in 1976, 1977 and 1978, without the need to use non due course officers. Obviously, the Board could have been made up of all due course officers.[10]

Defendant has admitted that there is no rule or regulation requiring that the president of the board be a flag officer, but contends that there is a policy of selecting flag officers to preside over the boards. The "policy" however is apparently unwrit-

ten and in any event does not rise to the level of a rule or regulation. Defendant cites the Court to Bureau of Naval Personnel Instruction (BUPERSINST) 1421.1H [11] in support of his contention that flag officers are required to preside however, that document standing alone does not establish a long-standing policy or practice and additionally, refers to Boards convened pursuant to 10 U.S.C. § 5910 which relates to promotions in the Naval Reserve.

Finally, on this point, the statute provides for the use of line officers on Boards when there is an insufficient number of staff corps officers "legally and physically qualified to serve on a board convened under this section". 10 U.S.C. § 5702(c). Thus, each Board could have had a due course line flag officer as its president, assuming the rules or regulations required a flag officer to preside.

## V

In summary, the Court finds that there are no outstanding genuine issues of material fact, Fed.R.Civ.P. 56, that the Boards which considered plaintiff for promotion to captain in 1976, 1977 and 1978 were required to have only due course officers as members, that there was no requirement that a flag officer be the president of the boards, that each of the boards had at least one member who was not a due course officer, that the defendant has presented no valid reason for deviating from the established rule, policy and practice and that as a result the boards which considered plaintiff's promotions for 1976, 1977 and 1978 were not legally constituted pursuant to the rules and regulations of the Navy.[12]

As a result the Court must deny the defendant's motion to dismiss, or in the alternative for summary judgment. Al-

---

**10.** Defendant accepts that "normally" boards are to consist of only due course officers, but alleges that adherence to that policy is not always practical since there are only three flag officers in the Dental Corps. As has been noted however, there is no requirement that a flag officer preside over the Board.

**11.** Deft. Mo. Ex. 5.

**12.** To be sure, the rules requiring the use of due course officers on selection boards can be changed, however, the power to revoke or change the rule is not unlimited. *See Nader v. Bork,* 366 F.Supp. 104, 108 (D. DC 1973) especially where, as here, the defendant has failed to demonstrate any need for making such a change retroactive.

though the plaintiff did not file a written motion for summary judgment, the Court is satisfied that he is entitled to summary judgment respecting the issues decided above, and will accordingly enter summary judgment, *sua sponte,* in favor of the plaintiff.

## VI

The final issue is the relief to be granted in this case. The Court concludes that the Boards for 1976, 1977 and 1978 were illegally constituted and therefore, any action they took *respecting plaintiff only* is void ab initio. This being the case, the defendant shall remove from the plaintiff's personnel file any records indicating that the plaintiff was passed over by the Boards in 1976, 1977 and 1978. Additionally, the defendant shall take appropriate action to place plaintiff's name before a legally constituted Dental Corps Promotion Selection Board, or if proper, before the Board for Correction of Naval Records,[13] to determine whether plaintiff shall be promoted to Captain. In the event the plaintiff is promoted, *and that decision rests entirely with the Navy* under its established procedures for considering such matters, the promotion shall be retroactive to the date on which plaintiff would have taken his new grade if he had been promoted by the 1976 Board. Finally, if the plaintiff is promoted, he shall recover such pay and allowances and continuation pay, if any, that he would have received if actually promoted by the Board for 1976.

Plaintiff had also requested that the Court promote him to captain, however, without considering the power of the Court to undertake such action, it will not do so because that is a decision which properly rests with the Navy and not with this Court.

Although this Court, in announcing its decision in open court on November 29, 1979, ruled that it would grant *partial* summary judgment, upon further reflection and consideration, it concludes that plaintiff is entitled to summary judgment since all issues before the Court are the subject of this Order. In view of the above, an order shall be entered granting plaintiff summary judgment consistent with this decision.

---

13. There is a question concerning the authority of the BCNR to grant such relief. See 32 CFR § 723.1 et seq.