# Amendment of the Farmers Home Administration Disaster Loan Program

Under applicable provisions of the Administrative Procedure Act, amendments to regulations governing the disaster loan program administered by the Farmers Home Administration (FmHA) can be made effective immediately, without giving the public a prior opportunity to comment, if the FmHA finds for "good cause" that notice and public procedure thereon would be "impracticable, unnecessary, or contrary to the public interest."

It is for the rulemaking agency to determine whether there is "good cause" for dispensing with notice and comment; however, if the facts are such that the authorized administrative purpose would be frustrated by delay, the argument for proceeding expeditiously is reasonable on its face.

April 24, 1981

## MEMORANDUM OPINION FOR THE COUNSEL TO THE DIRECTOR, OFFICE OF MANAGEMENT AND BUDGET

You have requested the views of this Office on a procedural question that involves regulations that govern the disaster loan program administered by the Farmers Home Administration (FmHA). The question is whether the FmHA can amend these regulations and make the amendment effective immediately, without giving the public an opportunity to comment on the amendment beforehand.

The relevant facts, as we understand them, are as follows: The disaster loan program is governed by Title III of the Consolidated Farm and Rural Development Act, *as amended* (the Act), 7 U.S.C. §§ 1961-1996. The Act authorizes the Secretary of Agriculture to make and insure loans for persons whose agricultural operations have been "substantially affected" by natural disaster. 7 U.S.C. § 1961(b). It also gives the Secretary broad authority to make regulations that prescribe the terms and conditions under which those loans will be made and insured. *See* 7 U.S.C. § 1989. Relying upon that general authority, the FmHA has promulgated elaborate regulations that establish eligibility standards, loan criteria, and loan application procedures. *See* 45 Fed. Reg. 9848 (1980). The FmHA is now considering various amendments to these regulations, and the question has arisen whether these amendments can be made effective for loan applications arising from disasters that occurred in the 1980 crop year. With the advent of the new planting season, the 1980 applications are being filed and granted at a

rapid rate, and the process will be complete in a few weeks. The amendments now under consideration cannot substantially affect that process unless they are made effective immediately.

The Act itself does not require the agency to follow any particular procedure in making or amending the regulations that govern the loan program. The relevant provisions of this Administrative Procedure Act (APA), which establish a generic "notice and comment" procedure for informal agency rulemaking, do not apply of their own force to matters relating to agency "loans." 5 U.S.C. § 553(a)(2). The Secretary of Agriculture, however, has adopted the APA procedure and has made it applicable to all USDA loans. In a memorandum published in July, 1971, the Secretary announced the following policy:

> The public participation requirements prescribed by 5 U.S.C. § 553(b) and (c) will be followed by all agencies of the Department in rule making relating to . . . loans . . . . The exemptions permitted from such requirements where an agency finds for good cause that compliance would be impracticable, unnecessary, or contrary to the public interest will be used sparingly, that is, only when there is a substantial basis therefor. Where such a finding is made, the finding and a statement of the reasons therefore [sic] will be published with the rule.

36 Fed. Reg. 13,804 (1971).[1]

To our knowledge, this memorandum has never been modified or withdrawn. It has been treated by the courts as an agency rule, binding on the FmHA while in force. *See Berends* v. *Butz,* 357 F. Supp. 143 (D. Minn. 1973).

The 1971 memorandum makes reference to the statutory exemption that permits new agency rules to be effective without prior comment by the public. Under the APA, this exemption may be invoked if the agency finds, for "good cause," that notice of a proposed rule and public procedure thereon would be "impracticable, unnecessary, or contrary to the public interest." 5 U.S.C. §§ 553(b)(B), 553(d)(1). In accordance with the terms of the 1971 memorandum, the FmHA may invoke the statutory exemption if it makes the required "good cause" finding and the finding is supported by a "substantial basis."

It is for the agency to determine whether the circumstances of the present case are such that the exemption to the notice and comment procedure should be invoked. The judgment whether notice and comment is "impracticable, unnecessary, or contrary to the public interest" is judicially reviewable, *see, e.g., Nader* v. *Sawhill,* 514 F.2d 1064 (Temp. Emer. Ct. App. 1975); but at bottom it is a policy judgment,

---

[1] We note that the 1971 memorandum adopts the "public participation" requirements of § 553(b) and § 553(c) but does not by its terms adopt the 30-day publication requirement of § 553(d)

grounded in facts and in the agency's view of what the interests of the public require. We note simply that if the amendments under consideration here are authorized by the Act, and if the facts are such that the authorized administrative purpose would be frustrated if the effective date of the amendments were delayed, the argument for proceeding expeditiously, on grounds of practicality and public interest, is reasonable on its face.[2]

THEODORE B. OLSON
*Assistant Attorney General*
*Office of Legal Counsel*

---

[2] We would also observe that the Secretary of Agriculture is free at any time to revoke or render inapplicable to any particular rulemaking the policy established in 1971. Such revocation, *in toto* or as applied to a specific rulemaking, would, we believe, be dispositive of the question raised by the existence of that policy. Such revocation should be done in a public document at any point prior to issuance of a final rule. *See Nader* v. *Bork,* 366 F. Supp. 104 (D.D.C. 1973).