666 F.Supp. 231 (1987)
In re SEALED CASE.
Misc. No. 87-0139.
United States District Court, District of Columbia.
July 10, 1987.
*232 Brendan V. Sullivan, Jr., Terrence O'Donnell, Barry S. Simon and Nicole K. Seligman, Williams & Connolly, Washington, D.C., for movant.
Paul L. Friedman, Guy Miller Struve, James E. McCollum, Jr. and Jeffrey Toobin, Office of Independent Counsel, Washington, D.C., for respondent.
Richard K. Williard, Asst. Atty. Gen., Joseph diGenova, U.S. Atty., James M. Spears, Deputy Asst. Atty. Gen., David J. Anderson and Thomas Millet, Civil Div., Dept. of Justice, Washington, D.C., for amicus curiae.

MEMORANDUM AND ORDER
AUBREY E. ROBINSON, Jr., Chief Judge.
Lt. Col. North, Movant in this matter, challenges the authority of Lawrence E. Walsh and his associates to issue subpoenas and conduct proceedings before the grand jury investigating what has become known to the public as the Iran/Contra Affair. His Motion challenges the constitutionality of the Ethics in Government Act, 28 U.S.C. §§ 49, 591-598 (1982 & Supp. III 1985) (the Act), under which this Office of the Independent Counsel was originally created, and alleges infirmities with the parallel appointment of Mr. Walsh to the Office of Independent Counsel: Iran/Contra by the Attorney General. See, 52 Fed. Reg. 7270 (1987) (to be codified at 28 C.F.R. Parts 600 and 601). The United States Court of Appeals for the District of Columbia Circuit decided on June 8, 1987 that Movant's challenges are ripe for review. In Re Sealed Case, 827 F.2d 776 (D.C.Cir. 1987) (per curiam).
In the Order remanding this matter, the Court of Appeals instructed:
Because the judiciary should rule on the constitutionality of an Act of Congress only as a last resort, the district court must determine whether this case can be resolved on other grounds. In this respect the district court should first consider, taking testimony as appropriate,
(1) whether the Attorney General has legal authority to delegate the powers which he purported to convey in the regulation set out at 52 Fed.Reg. 7270 (1987) (to be codified at 28 C.F.R. Parts 600 and 601), and if so, whether appropriate authority has been properly vested in Mr. Walsh and his associates; and
(2) whether any aspect of the relationship between the special division of this court and the Independent Counsel requires consideration of the constitutionality of the statute even if the Attorney General's appointment is otherwise valid.
Upon consideration of the evidence on these matters in the form of relevant documents and an affidavit from Associate Counsel Guy Miller Struve, this Court has determined that the parallel appointment of Mr. Walsh under the Attorney General's regulation was factually and legally valid and that appropriate authority has been vested in him and his associates. It is also determined that the limited relationship between the Special Division of the Court of Appeals for this Circuit and the Office of the Independent Counsel does not require consideration of the constitutionality of the act.

The Attorney General's Regulation

The Attorney General's Authority to Promulgate the Regulation
On March 5, 1987, the Attorney General promulgated a regulation creating an Office of Independent Counsel: Iran/Contra, *233 defining its general powers and setting its jurisdiction.[1] He relied on "the authority vested in (him) by 28 U.S.C. §§ 509,[2] 510,[3] and 515,[4] and 5 U.S.C. § 301,[5] and ... the President's general responsibility to enforce the laws of the United States pursuant to Article II of the United States Constitution." 52 Fed.Reg. 7270, 7271 (March 10, 1987).
The first question raised in this matter is whether the Attorney General had the authority to seek assistance from an Independent Counsel in the function of his official duties. The Court need not prolong the discussion of this issue as the Supreme Court acknowledged in Nixon v. United States, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974), that the Attorney General has such authority. In discussing the regulation issued by the Attorney General which appointed the Watergate Special Prosecutor,[6] the Court wrote:
Under the authority of Art. II, § 2, Congress has vested in the Attorney General the power to conduct the criminal litigation of the United Stated Government. 28 U.S.C. § 516. It has also vested in him the power to appoint subordinate officers to assist him in the discharge of his duties. 28 U.S.C. §§ 509, 510, 515, 533. Acting pursuant to these statutes, the Attorney General has delegated the authority to represent the United States in these particular matters to a Special Prosecutor with unique authority and tenure.
Id. at 694, 94 S.Ct. at 3100. The authority and independence of the Watergate Special prosecutor was almost identical to that enjoyed by Mr. Walsh. Similarly, in Nader v. Bork, 366 F.Supp. 104 (D.D.C.1973) the Court accepted that "the Attorney General derived his authority to hire (Special Prosecutor Archibald) Cox and to fix his term of service from various Acts of Congress". Id. at 108 (citing 5 U.S.C. § 301; 28 U.S.C. §§ 509-510). Although the Independent Counsel alleges other sources of the authority for the promulgation of the regulation, only the statutes expressly relied on by the Attorney General confer such power.[7]
*234 Even in light of the above-cited precedent, Lt. Col. North argues that the Attorney General's regulation is unconstitutional because it limits the power of the Attorney General and the President to remove Mr. Walsh without cause. According to the regulation,
"An Independent Counsel appointed under this chapter may be removed from office, other than by impeachment and conviction, only by the personal action of the Attorney General and only for good cause, physical disability, mental incapacity or any other condition that substantially impairs the performance of the Independent Counsel's duties."
52 Fed.Reg. 7270, 7272. This contention has also been addressed by the Supreme Court and this District Court. As the Court noted in Nader v. Bork, supra, when it found the firing of Archibald Cox illegal as a violation of the Attorney General's regulation, "the Supreme Court has twice held that an Executive Department may not discharge one of its officers in a manner inconsistent with its own regulations concerning such discharge." 366 F.Supp. at 108 (citing Vitarelli v. Seaton, 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959); Service v. Dulles, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957). In this case, like in Nader, the Attorney General has voluntarily limited the discretion of the Executive Branch to remove officials at will. This action does not violate the Constitution.
Once it is determined that the Attorney General may appoint an Independent Counsel to assist him in the execution of his duties, the focus of the Court's inquiry must turn to the specific facts of this case. Here, the Attorney General appointed as Independent Counsel to investigate the Iran/Contra affair the same individual who was already serving in the same capacity under the Ethics in Government Act. Lt. Col. North asserts that this appointment violates section 597(a) of the Act which provides:
Whenever a matter is in the prosecutorial jurisdiction of a independent counsel or has been accepted by a independent counsel under section 594(e) of this title, the Department of Justice shall suspend all investigations and proceedings regarding such matter, except to the extent required by section 594(d) of this title, and except insofar as such independent counsel agrees in writing that such investigation or proceedings may be continued by the Department of Justice.
Although the Office of Independent Counsel: Iran/Contra must be within the Department of Justice given the source of the Attorney General's authority to promulgate the regulation, the appointment of Mr. Walsh does not violate § 597(a). Attached as Exhibit 5 to the Memorandum of Independent Counsel is the Appointment Affidavit of Mr. Walsh as Independent Counsel under the regulation. Mr. Walsh's signature on this form indicates that he, although Independent Counsel under the Ethics in Government Act, consented to the Attorney General's appointment of him as Independent Counsel under the regulation. Mr. Walsh knew that the scope of his authority, the degree of his independence, and the particulars of his office under the regulation are identical with those under the Ethics in Government Act. Although he believed his new office to be outside the Department of Justice, his acceptance of the appointment under the regulation indicated his consent to the precise set of duties and relationships described in the regulation. His execution of the appointment affidavit, therefore, satisfied the requirements of 28 U.S.C. § 597(a).

The Vesting of Authority Under the Regulation in Mr. Walsh and His Associates
Although the Court has held above that nothing in the Constitution or Statutes of the United States bars the appointment of Independent Counsel: Iran/Contra, the Court must determine whether this authority was properly vested in Mr. Walsh and his associates.
*235 Lt. Col. North makes only one argument that Mr. Walsh himself was not properly vested with authority under the regulation that he could not accept the position because he did not understand that his office would be within the Department of Justice. As stated above, Mr. Walsh was aware of the particulars of his new office when he accepted it. His misconception of where the office was located within the Executive Branch, therefore, did not negate his express acceptance of the appointment. Mr. Walsh's authority under the regulation is clear.
A more difficult question concerns the validity of Mr. Walsh's appointments of associate Independent Counsel.[8] The record is clear that none of Mr. Walsh's associates executed affidavits pursuant to their appointments under the Attorney General's regulation. Attached as Exhibit 3 to the Independent Counsel's memorandum, however, are the affidavits executed by associate counsel pursuant to their appointments by Mr. Walsh under the Ethics in Government Act.
Under usual circumstances, appointment documents executed with regard to one position do not satisfy the requirements of appointment under another position. In this case, however, the duties, obligations and limitations of the two positions are identical. Additionally, the same individual was vested with authority to make the appointments under the regulations and the Act. New appointment documents therefore, would have served no purpose, as associate counsel had already made the necessary representations and were bound to their responsibilities under the first set of forms. Given the unique set of circumstances involved in this matter, including Mr. Walsh's execution of an appointment affidavit under the regulation, the Court concludes that associate counsel were also properly vested with authority under the Attorney General's regulation.[9]

The Special Court
As previously noted, the Court of Appeals instructed this Court to determine whether any aspect of the relationship between the special division of the Court of Appeals and the Independent Counsel requires consideration of the constitutionality of the Act. The Court concludes that it does not.
The Court has accepted an affidavit from Associate Independent Counsel Guy Miller Struve which outlines the contacts between the Independent Counsel and the Special Court. This affidavit makes clear that the Special Court has in no way interfered with the grand jury investigation at issue in this matter.
Turning to the provisions of the Act and the regulation regarding the Special Court, it is plain that they are extremely limited. First, under 28 U.S.C. § 592(c), the Special Division appoints the Independent Counsel at the request of the Attorney General. Because the Attorney General in this case chose to appoint the same individual under the regulation, the Court need not address the constitutionality of the appointment provision of the Act. With regard to the other provisions of the Act and the Regulation regarding the Special Division, none of them in any way involve the Court in the conduct of the grand jury's investigation. 28 U.S.C. § 595(b) and § 600.2(b) of the regulation impose a requirement on the Independent Counsel that it file a report with the Special Division. Pursuant to 28 U.S.C. § 596(b)(2), the Special Division may terminate the Office of Independent Counsel upon completion of its assigned tasks. Under 28 U.S.C. § 596(a)(3) and § 600.3(a) *236 of the regulation, the Special Division may review the Attorney General's decision to remove the Independent Counsel. (Under § 600.3(a)(2) of the regulation, the Attorney General must submit a report to the Special Division specifying the grounds for the removal of the Independent Counsel. Any court of competent jurisdiction may hear the Independent Counsel's case that he was wrongfully removed.) Finally, the Court has jurisdiction to grant attorneys' fees to certain subjects of an Independent Counsel's investigation under 28 U.S.C. § 593(g). Because none of these limited powers of the Special Court impermissably involve it in the criminal investigation by the Independent Counsel, the Court finds it unnecessary at this time to consider the constitutionality of the Ethics in Government Act.
An appropriate Order accompanies this Memorandum. The Clerk shall file this Order under seal as it contains matters occurring before the grand jury. See, Fed. R.Crim.P. 6(e); Local Rule 302.
*237 
*238 
*239 
*240 
*241 
NOTES
[1] The regulation is attached hereto as exhibit 1.
[2] § 509. Functions of the Attorney General

All functions of other officers of the Department of Justice and all functions of agencies and employees of the Department of Justice are vested in the Attorney General ...
[3] § 510. Delegation of authority

The Attorney General may from time to time make such provisions as he considers appropriate authorizing the performance by any other officer, employee, or agency of the Department of Justice of any function of the Attorney General.
[4] § 515. Authority for legal proceedings; commission, oath and salary for special attorneys.

(a) The Attorney General or any other officer of the Department of Justice, or any attorney specially appointed by the Attorney General under law, may, when specifically directed by the Attorney General, conduct any kind of legal proceeding, civil or criminal, including grand jury proceedings and proceedings before committing magistrates, which United States Attorneys are authorized by law to conduct, whether or not he is a resident of the district in which the proceeding is brought.
(b) Each attorney specially retained under authority of the Department of Justice shall be commissioned as special assistant to the Attorney General or special attorney, and shall take the oath required by law. Foreign counsel employed in special cases are not required to take the oath. The attorney General shall fix the annual salary of a special assistant or special attorney at not more than $12,000.
[5] § 301. Department regulations

The head of an Executive department or military department may prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property. This section does not authorize withholding information from the public or limiting the availability of records to the public.
[6] 38 Fed.Reg. 14688 (1973).
[7] The Independent Counsel contends that Article II of the United States Constitution and "the Congressional intent manifested in the Ethics in Government Act" confer authority on the Attorney General to make the parallel appointment. It is clear that neither of these sources gives the Attorney General the power to create a new agency.

When the true source of the Attorney General's authority is recognized, as 28 U.S.C. §§ 509, 510, and 515 and 5 U.S.C. § 301, it is clear that the Office of Independent Counsel: Iran/Contra is within the Department of Justice, although it has the same degree of independence from the other components of the Department of Justice as the Office of Independent Counsel described in the Ethics in Government Act.
[8] Mr. Walsh had the authority to hire associate counsel pursuant to § 600.1(c) of the regulation (set forth at 52 Fed.Reg. at 7271).
[9] The manner in which the Office of Independent Counsel signed subpoenas and other documents during the course of this investigation is irrelevant to the determination of whether authority was properly vested in and used by Mr. Walsh and his associates under the regulation. Each action taken by Mr. Walsh and his associates could have been taken under the regulation or the Act. That the Independent Counsel's office chose to consistently use the label assigned to it under the Act does not belie the Independent Counsel's assertion that every official action of his office was taken under both the Act and the regulation.