# UNITED STATES *v.* PERKINS.

APPEAL FROM THE COURT OF CLAIMS.

Submitted January 6, 1886.—Decided January 25, 1886.

When Congress by law, vests the appointment of inferior officers in the heads of departments, it may limit and restrict the power of removal as it deems best for the public interests.

A naval cadet-engineer, not found deficient at examination ; not dismissed for misconduct under the provisions of Rev. Stat. § 1525 or upon and in pursuance of a sentence of a court-martial ; but honorably discharged by the Secretary of the Navy against his will, remains in the service notwithstanding the discharge, and is entitled to recover in the Court of Claims the pay attached to the position.

The facts are stated in the opinion of the court

*Mr. Assistant Attorney-General Maury* for appellant.

*Mr. J. W. Douglass* for appellee.

Mr. Justice Matthews delivered the opinion of the court.

The object of this suit was to recover $100 as the salary of the plaintiff as a cadet-engineer of the Navy, from June 30, 1883, to September 1, 1883, at the rate of $600 per year, as provided by Rev. Stat. § 1556. Judgment was rendered in his favor for that amount. 20 C. Cl. 438.

The plaintiff entered the Naval Academy as a cadet-engineer in 1877, and graduated therefrom on June 10, 1881. On June 26, 1883, he received a letter from the Secretary of the Navy giving him notice that, as he was not required to fill any vacancy in the naval service happening during the preceding year, he was thereby honorably discharged from the 30th of June, 1883, with one year's sea-pay, as prescribed by law for cadet-midshipmen, in accordance with the provisions of the act of Congress approved August 5, 1882.

He protested against this order as illegal and refused the pay, and, regarding himself as continuing in the service, he sued for his pay subsequently accruing.

The case differs from that of Redgrave, just decided, in one particular only, that the claim is for pay after the alleged discharge.

The single question now raised as to that point is, that, although the discharge may not be justified by the act of August 5, 1882, the Secretary of the Navy, irrespective of that act, had lawful power to discharge him from the service at will. This authority is claimed on the ground that the plaintiff was not an officer in the naval service within the meaning of Rev. Stat. § 1229, which provides that "No officer in the military or naval service shall in time of peace be dismissed from service except upon and in pursuance of the sentence of a court-martial to that effect or in commutation thereof;" and that consequently the right to remove and discharge him from the public service is implied in the power of appointment.

In reply to this position, the Court of Claims, in its opinion in this case, said:

"In this view we cannot concur. That a cadet-engineer like the claimant was a graduate and in the naval service we have already decided; that he was an officer is made manifest by the terms of the Constitution, which provides that "Congress may by law vest the appointment of such inferior officers as they think proper in the President alone, in the courts of law, or in the heads of Departments." Congress has by express enactment vested the appointment of cadet-engineers in the Secretary of the Navy, and when thus appointed they become officers and not employés. *United States* v. *Germaine*, 99 U. S. 508; *Moore* v. *United States*, 95 U. S. 760: *United States* v. *Hartwell*, 6 Wall. 385.

"It is further urged that this restriction of the power of removal is an infringement upon the constitutional prerogative of the Executive, and so of no force, but absolutely void. Whether or not Congress can restrict the power of removal incident to the power of appointment of those officers who are appointed by the President by and with the advice and consent of the Senate under the authority of the Constitution (article 2, section 2) does not arise in this case and need not be considered.

"We have no doubt that when Congress, by law, vests the appointment of inferior officers in the heads of Departments it may limit and restrict the power of removal as it deems best for the public interest. The constitutional authority in Congress to thus vest the appointment implies authority to limit, restrict, and regulate the removal by such laws as Congress may enact in relation to the officers so appointed.

"The head of a Department has no constitutional prerogative of appointment to offices independently of the legislation of Congress, and by such legislation he must be governed, not only in making appointments but in all that is incident thereto.

"It follows that as the claimant was not found deficient at any examination, and was not dismissed for misconduct under the provisions of Revised Statutes, section 1525, nor upon and in pursuance of the sentence of a court-martial to that effect or in commutation thereof, according to Revised Statutes, section 1229, he is still in office and is entitled to the pay attached to the same."

We adopt these views, and affirm the judgment of the Court of Claims.

*Affirmed.*