November 26, 1979

## 79-83  MEMORANDUM OPINION FOR THE ACTING DIRECTOR, EXECUTIVE OFFICE FOR U.S. ATTORNEYS

### U.S. Attorneys—Removal of Court-Appointed U.S. Attorney (28 U.S.C. §§ 541, 546)

This responds to your request concerning whether the power to remove a U.S. Attorney appointed by a district court pursuant to 28 U.S.C. § 546 is vested in the President, the Attorney General, or the appointing court.[1] To our knowledge, the question is one of first impression.

Pursuant to 28 U.S.C. § 541(a), the President appoints U.S. Attorneys by and with the advice and consent of the Senate. Subsection (c) of that section provides that "[e]ach United States Attorney is subject to removal by the President." The question is whether the President's removal power under subsection (c) extends to U.S. Attorneys appointed by the court pursuant to § 546, or whether they can be removed only by the court that appointed them. In our view the first interpretation is the correct one.

Normally, as a rule of construction, the power to appoint carries with it the power to remove. *See, Myers* v. *United States*, 272 U.S. 52, 119 (1926), and the authorities there cited. *Myers*, indeed, stands for the proposition that this rule is of a constitutional nature in the case of executive officers appointed by the President by and with the advice and consent of the Senate. On the other hand, where Congress exercises its authority under Article II, section 2, clause 2, of the Constitution by vesting the power of appointing inferior officers in the President alone, the heads of departments, or the courts, it can also regulate the manner for the removal of those officers appointed by department heads and the courts.[2] *See, United*

---

[1] The section reads as follows:

The district court for a district in which the office of United States Attorney is vacant may appoint a United States Attorney to serve until the vacancy is filled. The order of appointment by the court shall be filed with the clerk of the court.

[2] There is no occasion here to discuss the question whether Congress can limit the power of the President to remove inferior officers where Congress has vested the appointment power in the President alone. *See, Myers* v. *United States*, 272 U.S. at 158-161.

*States* v. *Perkins*, 116 U.S. 483, 485 (1886); *Myers* v. *United States*, 272 U.S. at 160-163; *Carter* v. *Forrestal*, 175 F.(2d) 364, 366 (D.C. Cir. 1949).

In § 546, Congress has vested in the district courts the power to make interim appointments of U.S. Attorneys who, under *Myers*, are characterized as inferior executive officers. 272 U.S. at 159. Hence the power to remove court-appointed U.S. Attorneys would rest with the appointing court, unless Congress has exercised its authority to regulate their removal.

We believe that Congress has done so in § 541(c), which, as stated above provides that "[e]ach United States Attorney is subject to removal by the President." [Emphasis added.] In *United States* v. *Solomon*, 216 F. Supp. 835 (S.D.N.Y. 1963), the defendant contended that because 28 U.S.C. § 506 (the predecessor of § 546) vested the appointive power in the court, it also possessed the power of removal and that this combination provided "a nexus too close to comport with due process." The court rejected this contention, stating (p. 843):

> [T]he contention rests on an unfounded premise. While the normal appointive power carries with it the power of removal * * * the power in this instance is in no wise equivalent * * * President may, at any time, remove the judicially appointed United States Attorney pursuant to 28 U.S.C. § 504 [now § 541]. The language of subsection (b), [e]ach United States Attorney shall be subject to removal by the President * * * clearly authorizes the executive to remove any United States Attorney, regardless of the nature of his appointment. The statutory scheme for the temporary appointment by the judiciary of the United States Attorney comports in all respects with due process of law.

Although the case did not involve an executive attempt to remove an interim U.S. Attorney, it is, as far as we are aware, the only judicial statement directly in point. We believe it to be correct, as we discuss below.

Section 541(c) is part of 28 U.S.C. § 541, the first subsection of which provides for the appointment of U.S. Attorneys by the President by and with the advice and consent of the Senate. Subsection (c), however, should not be read as being limited to the U.S. Attorneys appointed by the President pursuant to subsection (a). To begin with the word "each" would be unnecessary if subsection (c) were confined only to those U.S. Attorneys. Moreover, the subsection would be surplusage because it has been firmly established, since *Parsons* v. *United States*, 167 U.S. 324 (1897), that the President has the power to remove U.S. Attorney appointed by him with the advice and consent of the Senate. Section 541(c), therefore, makes sense only if its application is not limited to Presidentially appointed U.S. Attorneys, whom the President can remove even without statutory authorization, but also is to be read as extending to "each" U.S. Attorney, including the court-appointed ones whom the President could not remove without congressional leave.

There are two considerations that presumably prompted Congress to give the President the power to remove court-appointed prosecutors. First, the duties of the U.S. Attorneys are of an executive nature. Although the legislative history is not illuminating, *see* 37 Cong. Globe 1028 (1863), *passim*, Congress may have felt at the time when the initial predecessor of § 546 was enacted in 1863 that the expeditious filling of the office of a U.S. Attorney in case of a vacancy could be best accomplished by the local court. But it is also true that the President is responsible for the conduct of a U.S. Attorney's Office and therefore must have the power to remove one he believes is an unsuitable incumbent, regardless of who appointed him. Indeed, *Myers* v. *United States* points out (at 119-122) that the power of removal may be even more important to the President than the power of appointment. Indeed, it is the power to remove, and not the power to appoint, which gives rise to the power to control. Second, as suggested in *United States* v. *Solomon*, due process problems could arise if a court through the exercise of its removal power were enabled to control the manner in which a prosecutor performs his official duties. We therefore are of the opinion that the power to remove a court-appointed U.S. Attorney rests with the President.

Your inquiry also asks whether the Attorney General has that power. We answer this questions in the negative in view of our interpretation of § 541(c) as constituting—at least in part—the specific exercise of legislative power under Article II, section 2, clause 2, vesting in the President the power of removing a court-appointed U.S. Attorney.

Whether the President should exercise the power of removal is, of course, a question of policy.[3] We note in this connection that *Carey* v. *United States*, 132 Ct. Cl. 397 (1955), stands for the proposition that the President need not actually sign removal papers, but that he may leave to the Attorney General the implementation of an oral Presidential decision to remove a U.S. Attorney appointed with the advice and consent of the Senate; indeed, that the President may authorize the Attorney General to do what he feels is warranted and then orally approve the action taken by the Attorney General. *Carey* at 401-403.[4] But we do not recommend this course of action in the situation at hand, since the incumbent U.S. Attorney apparently has the backing of the district court. That court might react unfavorably to any action that does not carefully comport with the letter of the statute.

JOHN M. HARMON
*Assistant Attorney General*
*Office of Legal Counsel*

---

[3]We note that in your view this matter has a serious potential effect upon the Attorney General's ability to manage the Department's business.

[4]*See also, Newman* v. *United States*, 382 F. (2d) 979, 982 (D.C. Cir. 1967), suggesting that the President can delegate certain of his supervisory and disciplinary powers—including the power of summary dismissal—to deal with misconduct of his subordinates.