John F. BANZHAF, III, et al.

v.

William French SMITH, Individually
and as United States Attorney
General, et al., Appellants.

No. 84–5304.

United States Court of Appeals,
District of Columbia Circuit.

Argued June 20, 1984.

Decided June 25, 1984.

John F. Cordes, Atty., Dept. of Justice, Washington, D.C., with whom Richard K. Willard, Acting Asst. Atty. Gen., Joseph E. diGenova, U.S. Atty., and Leonard Schaitman, Atty., Dept. of Justice, Washington, D.C., were on the brief, for appellants.

John F. Banzhaf, III, Washington, D.C., with whom Peter H. Meyers, Washington, D.C., was on the brief, for appellees.

Daniel J. Popeo and Paul D. Kamenar, Washington, D.C., were on the brief for amicus curiae Washington Legal Foundation, urging reversal.

Before ROBINSON, Chief Judge, and WRIGHT, TAMM, MIKVA, EDWARDS, GINSBURG, BORK, and SCALIA, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

In this case we review the decision of the District Court in *Banzhaf v. Smith*, 588 F.Supp. 1498 (D.D.C.1984). The court ordered the Attorney General to seek appointment of an "independent counsel" pursuant to the procedures set forth in Section 592(c) of the Ethics in Government Act, 28 U.S.C. §§ 591–598 (1982), to investigate allegations of wrongdoing during the 1980 presidential campaign by several persons who are now high ranking officers of the federal government. This court ordered *sua sponte* that the appeal of this decision be heard initially by the court sitting *en*

*banc* and that briefing and oral argument be expedited. The case was argued before us on June 20, 1984. We vacate the order of the District Court because in our judgment the court lacked jurisdiction to adjudicate the claim. We are of the conviction that Congress specifically intended in the Ethics in Government Act to preclude judicial review, at the behest of members of the public, of the Attorney General's decisions not to investigate or seek appointment of an independent counsel with respect to officials covered by the Act. In reaching this decision we express no opinion whatever as to whether the factual information in the possession of the Attorney General was sufficiently specific and credible to trigger the Attorney General's statutory duty to investigate allegations about persons covered by the Act. *See* 28 U.S.C. §§ 591(b), 592(a)(1).

Enacting the Ethics in Government Act in 1978, Congress established a neutral procedure for resolving the conflict of interest that arises when the Attorney General must decide whether to pursue allegations of wrongdoing leveled against high ranking federal officers who will typically be the Attorney General's close political associates. The Act provides that the Attorney General "shall" conduct a "preliminary investigation" upon receipt of "information that the Attorney General determines is sufficient to constitute grounds to investigate." 28 U.S.C. § 592(a)(1). The Act also establishes a special division of the federal court, comprised of three judges, to whom the Attorney General reports. *Id.* § 593. If the Attorney General decides, after investigation, that there exist "reasonable grounds to believe that further investigation or prosecution is warranted," or if 90 days pass after receipt of information without the Attorney General's making any determination, then "the Attorney General shall apply to the division of the court for the appointment of a [*sic*] independent counsel." *Id.* § 592(c)(1). Upon such application the division of the court appoints "appropriate independent counsel" and determines his or her "prosecutorial jurisdiction." *Id.* § 593(b). If, after investigation,

the Attorney General concludes there are "no reasonable grounds to believe that further investigation or prosecution is warranted," the Attorney General must report this determination to the division of the court, "and the division of the court shall have no power to appoint a [*sic*] independent counsel." *Id.* § 592(b)(1).

On July 21, 1983 appellees John F. Banzhaf, III and Peter H. Meyers presented the Attorney General with a self-styled "Formal Request" for appointment of independent counsel pursuant to the Ethics in Government Act. This request included specific information which appellees claim suggests that several members of the present Administration, covered by the Act, might have committed crimes in the course of the 1980 presidential campaign by being involved in the removal of hundreds of pages of government documents from the White House when Jimmy Carter was President. The Attorney General took no action in response to this petition. On October 25, 1983 appellees filed suit in the District Court seeking an order that would require the Attorney General to request appointment of independent counsel under the Act because more than 90 days had elapsed from the Attorney General's receipt of the information and he had reached no determination as to whether independent counsel was warranted. *See* 28 U.S.C. § 592(c)(1). The District Court granted the requested relief.

 In our judgment the Administrative Procedure Act, 5 U.S.C. §§ 551–706 (1982), which appellees invoked in their complaint, provides the proper framework for analysis of this case. Final actions of the Attorney General fall within the definition of agency action reviewable under the APA. *Morris v. Gressette,* 432 U.S. 491, 500–501, 97 S.Ct. 2411, 2418–2419, 53 L.Ed.2d 506 (1977); *Proietti v. Levi,* 530 F.2d 836, 838 (9th Cir.1976). Review of such action under the APA is in general presumed unless "statutes preclude judicial review" or "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(1) & (2). In determining whether a statute precludes judicial

review, the court must heed the APA's "basic presumption of judicial review" that "will not be cut off unless there is persuasive reason to believe that such was the purpose of Congress." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 140, 87 S.Ct. 1507, 1511, 18 L.Ed.2d 681 (1967). The Supreme Court's recent decision in *Block v. Community Nutrition Institute*, — U.S. ——, 104 S.Ct. 2450, 81 L.Ed.2d 270 (1984), guides our effort to determine whether Congress intended to preclude review in a particular statute. *Block* instructs that the presumption of reviewability may be overcome by "specific language or specific legislative history," "contemporaneous judicial construction barring review and congressional acquiescence in it," or "inferences of intent drawn from the statutory scheme as a whole." — U.S. at ——, 104 S.Ct. at 2456.

■ We find in the Ethics in Government Act a specific congressional intent to preclude judicial review, at the behest of members of the public, of the Attorney General's decisions not to investigate particular allegations and not to seek appointment of independent counsel. The Act contains provisions that severely delimit judicial review of the Attorney General's actions. The decision to request appointment of independent counsel "shall not be reviewable in any court." 28 U.S.C. § 592(f). The decision *not* to request appointment of independent counsel is explicitly made unreviewable in the special division of the court created in the statute. *Id.* § 592(b)(1). Though congressional preclusion of some review does not in itself force the conclusion that Congress intended to preclude all review, neither does it compel the conclusion that Congress intended to permit review wherever it did not explicitly preclude review. With respect to the Attorney General's decision not to request independent counsel, we find it difficult to accept that Congress would have explicitly precluded review in the special division of the court established to handle issues under the Act and yet intended to permit review of such decisions, at the behest of

members of the public, in any federal District Court.

Inferences of intent drawn from the statutory scheme and its legislative history compel us to conclude that Congress did intend to preclude review. The Act makes no provision for members of the public to petition the Attorney General to act, and in terms provides for no review of refusals to act. In contrast, the statute explicitly gives Congress power to "request in writing that the Attorney General apply for a [*sic*] independent counsel," when that request comes from a majority of either majority or minority party members of the Senate or House Judiciary Committees. 28 U.S.C. § 595(e). And "[n]ot later than thirty days after the receipt of such a request, or not later than fifteen days after the completion of a preliminary investigation of the matter with respect to which the request is made, whichever is later, the Attorney General shall provide written notification of any action the Attorney General has taken in response to such request and, if no application has been made to the division of the court, why such application was not made." *Id.* See 124 Cong.Rec. 36,464 (1978) ("if [the Attorney General] does not respond to a situation that appears to be appropriate," members of the House Judiciary Committee can request independent counsel under 28 U.S.C. § 595(e), thereby bringing "the political process" into play) (remarks of Rep. Mann). The lack of any authorization for petitions by the public or review at the behest of members of the public, when viewed in the context of the limits on review built into the statute and the explicit provision of congressional oversight as a mechanism to keep the Attorney General to his statutory duty, strongly suggests that Congress intended no review at the behest of the public. This view is buttressed by other structural considerations. Congress explicitly sought to prevent premature airing of criminal charges that might prove on investigation to be unfounded. *See* 28 U.S.C. §§ 592(b)(3), 592(d)(2), 593(b), 595(e). "In most cases" Congress anticipated that the Attorney General would conduct a prelimi-

nary investigation "without the public being aware that review is taking place." S.Rep. No. 95–170, 95th Cong., 2d Sess. 62–63 (1977), U.S.Code Cong. & Admin. News 1978, pp. 4216, 4278–79. Permitting judicial review of the Attorney General's decisions not to investigate or request independent counsel would severely undermine this policy by airing charges preliminarily in the District Courts. Congress could not have intended such a result.

And the legislative history provides weighty evidence that Congress specifically did not intend such a result. At least two predecessor bills to the bill that became the Act specifically included provisions for review at the behest of private parties. H.R. 11476, 94th Cong., 2d Sess. (1976); S. 495, 94th Cong., 2d Sess. (1976). These provisions prompted controversy and did not appear in later bills. *See Nathan v. Smith*, 737 F.2d 1069, 1073 (D.C.Cir.1984) (opinion of Bork, J.) (summarizing legislative history).

In sum, the lack of any provision for members of the public to petition the Attorney General, the concern of the statute with limiting review of the Attorney General's actions, the clear congressional concern for privacy, and the existence of congressional oversight as an enforcement mechanism compel us to conclude that "persuasive reason to believe" that Congress intended to preclude review, *Abbott Laboratories, supra*, 387 U.S. at 140, 87 S.Ct. at 1511, is fairly discernible in the language and structure of the Ethics in Government Act. *See Morris v. Gressette, supra*. This view is bolstered by indications in the legislative history that Congress considered and declined to include statutory language providing for review at the behest of members of the public. Because Congress intended to preclude judicial review, at the behest of

the public, of the actions of the Attorney General challenged in this case, the District Court lacked jurisdiction to review these actions and order affirmative relief.*

Accordingly, it is ordered by this court that the judgment of the District Court be, and it is hereby, vacated.

---

* "Since congressional preclusion of judicial review is in effect jurisdictional, we need not address the standing issues" raised in this case. *Block v. Community Nutrition Institute,* — U.S. ——, —— n. 4, 104 S.Ct. 2450, 2458 n. 4, 81 L.Ed.2d 270. In any event, when, as in this case, the injury that a plaintiff alleges is to a procedural entitlement arising from a federal statute, the standing and reviewability inquiries tend to merge. A plaintiff cannot claim standing based on violation of an asserted personal statutorily-created procedural right when Congress intended to grant that plaintiff no such right.