**Michael K. DEAVER, Plaintiff,**

v.

**Whitney North SEYMOUR, Jr., Defendant.**

**Civ. A. No. 87–0477.**

United States District Court, District of Columbia.

March 11, 1987.

Herbert J. Miller, Jr., Miller, Cassidy, Larroca & Lewin, Washington, D.C., for plaintiff.

Whitney North Seymour, Jr., Washington, D.C., for defendant.

### MEMORANDUM AND ORDER

JACKSON, District Judge.

Plaintiff Michael K. Deaver, a former Presidential assistant and deputy chief of the White House staff, sues for declaratory and injunctive relief against defendant Whitney North Seymour, Jr., an Independent Counsel appointed under the Ethics in Government Act of 1978 (the "Act"), 28 U.S.C. §§ 49, 591–98, who expects shortly to cause Deaver to be indicted for perjury. Deaver contends that the Act, from which Seymour derives such power as he may have to investigate, indict, and prosecute him, is unconstitutional in several respects in which it allegedly violates the principle of the separation of governmental powers,

and prays that the Court declare the Act invalid, permanently enjoin all further activity of the Independent Counsel directed towards him, and, in effect, impound the evidence Seymour has gathered to date.

The Court temporarily restrained Seymour's return of an indictment on February 25, 1987, and the matter is now before the Court on Deaver's motion for a preliminary injunction to the same effect pending disposition on the merits.[1] For the reasons set forth below, the Court will deny the motion for a preliminary injunction and stay further proceedings herein.

For present purposes the material facts appear of record and are not in dispute. On May 29, 1986, at the instance of the Deputy Attorney General, Seymour, a private New York lawyer holding no other present office under the United States, was appointed Independent Counsel by an order of a special division of the United States Court of Appeals for the District of Columbia Circuit (itself a creature of the Act, 28 U.S.C. § 49), to "investigate and pursue" certain specific allegations of criminal misconduct by Deaver in his post-governmental-service lobbying activities, and to prosecute him for any violations he found. On December 16, 1986, upon Seymour's own petition, his authority was expanded to include the investigation and prosecution of possible instances of conspiracy, obstruction of justice, and perjury by Deaver and others in connection with the investigation, and a separate allegation of perjury by Deaver in testimony before a House of Representatives subcommittee.

On February 25, 1987, hours before Seymour was to ask the federal grand jury hearing his evidence to return a four-count indictment against Deaver for perjury, Deaver filed the instant action and secured the temporary restraining order.

Deaver claims that the formal commencement of his prosecution by Seymour would cause him immediate injury which neither his exoneration after trial nor a subsequent ruling that Seymour was without authority to bring him to trial at all would repair. Seymour now responds that Deaver has a remedy which, if not optimum (affording no opportunity for an immediate appeal), is nevertheless legally adequate: once indicted, he may move to dismiss the charges prior to trial pursuant to Fed.R. Crim.P. 12(b)(1) for "defects in the institution of the prosecution." The Court agrees.

There are, moreover, other elements of a meritorious application for a preliminary injunction (as to which the moving party has the burden) which the Court finds that Deaver has failed to establish,[2] the most important being a likelihood of ultimate success on the merits. The Court has had the benefit of substantial scholarship from not only the parties but several *amici curiae*. Despite the confidence with which they have advanced case law and constitutional reasoning in support of their respective positions, this Court remains unconvinced that any result is clearly foreordained by the authorities so far cited to it. The prospect of a citizen-prosecutor, who is: (1) chartered by an Article III court of special jurisdiction proceeding *ex parte* in closed session; (2) armed with all of the powers of the Attorney General of the United States but only minimally accountable—and that to Congress and the special court—for their use; and (3) removable only for provable improprieties or personal debility, is a constitutional hybrid which neither the framers of the Constitution nor any court since expressly contemplated.

---

1. Plaintiff has since moved to consolidate the hearing on his motion for preliminary injunction with a hearing on the merits on his simultaneously-filed motion for summary judgment. Defendant has, in his turn, moved to dismiss the complaint.

Since, however, it is only the imminent return of an indictment which necessitates an exigent disposition, and time being of paramount importance to the parties and the public, the mo-
tion to consolidate is denied. The Court observes, moreover, that the dispositive cross-motions raise disputed issues of fact which go beyond the allegations of the complaint.

2. *See Virginia Petroleum Jobbers Ass'n v. Federal Power Comm'n*, 259 F.2d 921, 925 (D.C.Cir. 1958); *Washington Metropolitan Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C.Cir.1977).

Nevertheless, such scant truly relevant authority as there is on the subject suggests to this Court that the arrangement, on its face, will probably not be found to offend the Constitution,[3] and there are no specific instances of the statute's misapplication to him alleged by Deaver that are presently ripe for adjudication.

Moreover, the public interest—another factor to be considered in passing upon an application for preliminary injunctive relief—requires that questions as to the validity of Independent Counsel provisions of the Act be quickly and definitively resolved, as well as that any possible violations of the criminal law be speedily prosecuted. The former is most likely to be accomplished on an appeal from this ruling, and the latter by allowing Independent Counsel Seymour to bring forth his indictment.

For the foregoing reasons, therefore, it is this 11th day of March, 1987,

ORDERED, that plaintiff's motion for a preliminary injunction is denied; and it is

FURTHER ORDERED, *sua sponte*, that all further proceedings herein are stayed pending completion of appellate review of this Order.[4]

---

**3.** The Court concludes that the constitutionality of the Act will likely be upheld on the following grounds: that independent counsel are "inferior Officers" of the United States whose interbranch appointment is not "incongruous" and is, therefore, permitted by Art. II, § 2, cl. 2 of the Constitution, *see Ex parte Siebold,* 100 (10 Otto) U.S. 371, 25 L.Ed. 717 (1880); that the Act does not infringe on the Executive's duty to "take Care" that the laws are faithfully executed, because only the Attorney General may initiate the appointment of independent counsel, *see* 28 U.S.C. § 592(f); *Banzhaf v. Smith,* 737 F.2d 1167 (D.C.Cir.1984) (en banc); and that the Act does not unconstitutionally restrict the Executive's power of removal, because Congress may provide that certain officials operate with "freedom from Executive interference," *Wiener v.*

*United States,* 357 U.S. 349, 353, 78 S.Ct. 1275, 1278, 2 L.Ed.2d 1377 (1958); *Humphrey's Executor v. United States,* 295 U.S. 602, 55 S.Ct. 869, 79 L.Ed. 1611 (1935).

**4.** To the extent it may be necessary to the jurisdiction of the Court of Appeals to reach any question presented by this case not otherwise appealable under 28 U.S.C. § 1292(a)(1), this Court states, pursuant to *id.,* § 1292(b), that it is of the opinion that the constitutionality *vel non* of the Independent Counsel provisions of the Ethics in Government Act is a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal herefrom may materially advance the ultimate termination of this litigation.