**Robert C. BEAUCHAMP, Plaintiff,**

v.

**Edwin MEESE, Defendant.**

**No. 86 C 451.**

United States District Court, N.D. Illinois, E.D.

April 22, 1987.

Robert C. Beauchamp, Chicago, Ill., for plaintiff.

Thomas P. Walsh, Asst. U.S. Atty., Chicago, Ill., for defendant.

MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

Plaintiff Robert Beauchamp once was a government informant. Now he is jailed in Illinois pending extradition to Massachusetts, where he was serving a life sentence for second-degree murder until his unauthorized departure in 1974.

In 1984, plaintiff sued a variety of state and federal officials—including Stanley Sporkin, then General Counsel to the Central Intelligence Agency and now a United States District Court Judge—whom he accused of conspiring to set excessive bond on a misdemeanor charge against him. Case No. 84 C 5976. Defendants moved to dismiss, and in support of their motion Sporkin submitted an affidavit denying any prior knowledge of Beauchamp.

Beauchamp believed this denial to be inaccurate, and decided to forego his conspiracy suit in order to pursue Sporkin for perjury. Beauchamp voluntarily dismissed his suit and offered to Anton Valukas, United States Attorney for the Northern District of Illinois, what he claims was evidence of Sporkin's perjury.

When Valukas failed to act against Sporkin, Beauchamp wrote to United States Attorney General Edwin Meese. He gave the Attorney General details of his allegations against Sporkin, and accused the Attorney General and Valukas of conspiring to obstruct justice by blocking an investigation of Sporkin. Beauchamp concluded by asking the Attorney General to conduct a preliminary investigation of his allegations against Sporkin pursuant to the Ethics in Government Act, 28 U.S.C. §§ 591–598, for purposes of determining whether to request appointment of an independent counsel. The Attorney General did not do so, and Beauchamp brought this action to compel him to undertake a preliminary investigation. The case comes before the court

on the Attorney General's motion to dismiss.

The Ethics in Government Act, which became law in 1978, establishes a mechanism for appointing an independent counsel to investigate and prosecute criminal conduct by high-ranking federal officials. It provides in part:

> Upon receiving information that the Attorney General determines is sufficient to constitute grounds to investigate that any person covered by the Act has engaged in conduct described in subsection (a) or (c) of section 591 of this title, the Attorney General shall conduct, for a period not to exceed ninety days, such preliminary investigation of the matter as the Attorney General deems appropriate.

28 U.S.C. § 592(a)(1). The Attorney General must consider the source and specificity of the information in the course of his preliminary investigation, and at the end of the preliminary investigation must either notify a special three-judge "division of the court" that no further investigation is warranted, or ask the court to appoint an independent counsel—a request the court is bound to honor. 28 U.S.C. §§ 592–93. The Attorney General's decision "to apply to the division of the court for the appointment of a[n] independent counsel shall not be reviewable in any court," 28 U.S.C. § 592(f), and the division of the court may not appoint an independent counsel in the absence of a request from the Attorney General, 28 U.S.C. § 592(b)(1).

The Act also provides that a majority of majority party members or of all non-majority party members of the Judiciary Committee of either House of Congress may ask the Attorney General to request appointment of an independent counsel. The Attorney General then has the longer of 30 days from the receipt of this request or 15 days from the completion of a preliminary investigation to request appointment of an independent counsel or explain to the relevant Judiciary Committee members his refusal to act. 28 U.S.C. § 595(c).

Beauchamp reads § 592(a)(1) as requiring the Attorney General to conduct a preliminary investigation once he receives credible evidence of wrongdoing. Beauchamp claims that he provided such information to the Attorney General, and that the Attorney General violated § 592(a)(1) by failing to conduct a preliminary investigation.

It is unnecessary to decide whether Beauchamp provided the Attorney General with credible and specific information about wrongdoing by Sporkin, or whether § 592(a)(1) requires the Attorney General to investigate credible and specific allegations of criminal wrongdoing,[1] because no private right of action exists to enforce such a requirement. Congress specifically considered proposals to allow private enforcement of the Ethics in Government Act, but the proposals died in the face of arguments that the powers given congressional judiciary committees provide an adequate check on the Attorney General's discretion, and that enabling individuals to trigger highly public, quasi-criminal investigations would inevitably lead to misuse of the law and greater cynicism about government officials. *See Nathan v. Smith*, 737 F.2d 1069, 1080–81 (D.C.Cir.1984) (concurring opinion of Bork, J., summarizing legislative history). The Act's legislative history, coupled with the fact that it explicitly bars judicial review of the Attorney General's decision to request or not to request appointment of counsel, makes it clear Congress did not intend to allow private citizens to sue the Attorney General to force investigations of specific allegations of wrongdoing. The only two circuits to address the issue have so held, *Dellums v. Smith*, 797 F.2d 817, 821–23 (9th Cir.1986);

---

1. The Ninth Circuit has held that the legislative history of the 1982 amendments to the Ethics in Government Act "indicates that Congress intended the preliminary investigation to be mandatory unless the information was insufficiently specific or came from an insufficiently credible source." *Dellums v. Smith*, 797 F.2d 817, 821 (9th Cir.1986). In separate concurring opinions in *Nathan v. Smith*, 737 F.2d 1069 (D.C.Cir. 1984), Judges Davis and Bork differ as to whether § 592(a)(1) requires the Attorney General to initiate an investigation upon the receipt of credible and specific information.

*Banzhaf v. Smith*, 737 F.2d 1167, 1169–70 (D.C.Cir.1984), and there is no reason to depart from their holdings here.

The Attorney General's motion is granted and this case is dismissed.