**In re SEALED CASE.**

Misc. Nos. 87–0197, 87–0205 and 87–0215.

United States District Court, District of Columbia.

July 20, 1987.

MEMORANDUM

AUBREY E. ROBINSON, Jr.; Chief Judge.

(THIS MEMORANDUM SHALL BE FILED IN THE PUBLIC RECORD, AS IT DOES NOT REVEAL THE NATURE OR CONTENTS OF ANY SEALED MATERIAL.)

This sealed matter presents for determination by the Court the question of whether the Independent Counsel provisions of the Ethics in Government Act of 1978, 28 U.S.C. § 591 *et seq.*, comport with the Constitution of the United States. After consideration of a number of submissions concerning this issue,[1] the Court holds that the statute is constitutional.

INTRODUCTION

The historical background of and need for the Independent Counsel provisions of the Act have been fully described in other decisions and shall not be repeated here. *See, e.g., In re Olson,* 818 F.2d 34, 38–41 (D.C.Cir.1987). Congress's intent in enacting the statute was clearly to create an office within the Executive Branch to investigate and prosecute matters in which the Department of Justice had a real or apparent conflict of interest. In short,

> [t]he statute is designed to ensure that violations of federal criminal law by high ranking government officials (particularly those who are of the same party as the administration in power) will be fairly

---

1. Among the material considered by the Court are all of the briefs filed in *North v. Walsh,* 656 F.Supp. 414 (D.D.C.1987) and the appellate briefs filed in *In re Sealed Case,* No. 87–5168 (D.C.Cir.1987).

and impartially investigated and prosecuted.

*Id.* at 39.

■ While it is beyond question that Congress's motive for enacting the statute was laudatory, it is also axiomatic that this motive cannot validate an otherwise unconstitutional act of the legislature. For this reason, the Court has examined in turn each provision of the Ethics in Government Act which has been alleged to be unconstitutional.

## THE POWERS OF THE SPECIAL DIVISION OF THE COURT OF APPEALS

The first contention relates to the provisions of 28 U.S.C. § 49 giving authority for the appointment of Independent Counsel to a division of the United States Court of Appeals for the District of Columbia Circuit. It is strenuously contended that this grants powers to that division which exceed the limitations imposed upon federal courts by Article III of the Constitution of the United States. The specific duties alleged to be unconstitutional are set forth at 28 U.S.C. § 593(b):

> Upon consideration of an application (from the Attorney General) under section 592(c) of this title, the division of the court shall appoint an appropriate independent counsel and shall define that independent counsel's prosecutorial jurisdiction.

In considering whether the Special Division has been vested with unconstitutional power, it must be recognized that the source of the court's authority is not only

Article III but also the Appointments Clause of Article II. Article II, Section 2, Clause 2 of the Constitution expressly grants to Congress the authority to "vest the Appointment of such inferior Officers as they think proper, in the President alone, in the Courts of law, or in the heads of Departments."

■ The issue of whether the Independent Counsel is a superior or inferior officer for purposes of the Appointments Clause has been discussed and determined by other Courts with which this Court agrees that "the Independent Counsel is clearly an 'inferior officer'—he is appointed for a single task to serve for a temporary limited period." *In re Olson* at 42. *See also Banzhaf v. Smith*, 588 F.Supp. 1498 (D.D.C.), *vacated on other grounds*, 737 F.2d 1167 (D.C.Cir.1984). *Cf. United States v. Eaton*, 169 U.S. 331, 343, 18 S.Ct. 374, 879, 42 L.Ed. 767 (1898) ("Because the subordinate officer is charged with the performance of the duty of the superior for a limited time and under special and temporary conditions, he is not thereby transformed into the superior and permanent official.")[2] In addition to the limitations placed on independent counsels, it is also relevant that they are not among the specifically mentioned "primary class (of officers who) require a nomination by the President and confirmation by the Senate." *United States v. Germaine*, 99 U.S. (9 Otto) 508, 509–510, 25 L.Ed. 482 (1878). In fact, Congress indicated its own assessment that independent counsels are inferior officers when it authorized their appointment by a court of law.[3] Finally, the At-

---

**2.** The limitations on the Independent Counsel are numerous. Only a small set of officials are subject to the Independent Counsel provisions. (28 U.S.C. § 591(b) includes only the President, Vice President, high officials in the White House, Department of Justice and CIA, and ranking officers of the President's National Campaign Committee). The Independent counsel has no authority outside the jurisdiction established by the Court. Pursuant to 28 U.S.C. § 596(a)(1), the independent counsel is subject to removal by the Attorney General for "good cause." The Office of the Independent Counsel terminates automatically when he or she notifies the Attorney General that the investigation is completed, 28 U.S.C. § 596(b)(1), or earlier if the Division on its own motion or that of the

Attorney General determines that the investigation is substantially completed, 28 U.S.C. § 596(b)(2).

**3.** It is also noteworthy that the Watergate Special Prosecutor was not confirmed by the Senate, although his authority was virtually identical to the authority vested in independent counsels pursuant to the Ethics in Government Act.

Once it is determined that the Independent Counsel is an inferior officer, it is clear that the attorneys on his staff are not officers at all but employees of the United States. (Again, the attorneys employed by the Watergate Special Prosecutor were not appointed under the Appointments Clause.) *See Buckley v. Valeo*, 424

torney General, by applying for the appointment by the Court of an independent counsel, also deemed the officer to be inferior as that word is used in Article II.

Although it is clear to the Court that independent counsels are inferior officers, this does not end the analysis of the proper role of the Special Division under the Appointments Clause. For as the Court wrote in *Banzhaf,* 588 F.Supp. at 1504:

> This constitutional provision obviously does not authorize the Congress to charge the courts indiscriminately and without reason with the responsibility for appointing officers in the Executive departments generally.

The Court in *Banzhaf* referred to the Supreme Court's decision in *Ex parte Siebold,* 100 U.S. (10 Otto) 371, 25 L.Ed. 717 (1880), for guidance in the determination of whether Congress appropriately vested the appointment power in the case of an independent counsel in a court of law. In *Siebold,* the Court made the following statements in the course of its decision involving a challenge to a statute vesting in the federal court the appointment of supervisors of congressional elections:

> But as the Constitution stands, the selection of the appointing power, as between the functionaries named, is a matter resting in the discretion of Congress.
>
> \* \* \* \* \* \*
>
> The observation in the case of [*In re*] *Hennen,* to which reference is made, (13 Pet. 258 [10 L.Ed. 138 (1839) ] ), that the appointing power in the clause referred to 'was no doubt intended to be exercised by the department of the government to

which the official to be appointed most appropriately belonged,' was not intended to define the constitutional power of congress in this regard,....

> \* \* \* \* \* \*

[T]he duty to appoint inferior officers, when required thereto by law, is a constitutional duty of the courts; and in the present case there is no such incongruity in the duty required as to excuse the courts from its performance, or to render their acts void.

*Id.* at 398.

■ Given the previously mentioned intent of the Congress in passing the Ethics in Government Act, it was clearly not incongruous for it to utilize the authority expressly stated in the Appointments Clause to allow an impartial court of law to select, at the application of the Attorney General,[4] an individual to investigate and potentially prosecute criminal activity within the Executive Branch. In fact, "[n]either the President, nor any head of department, could have been equally competent to the task." *Siebold,* 100 U.S. (10 Otto) at 398. Although the Special Division appoints independent counsels and defines their jurisdiction, it plays no role in their investigations and performs no acts with regard to any prosecutions that may result from these investigations. For this reason, the Act clearly does not "place incompatible duties upon (any) Court. *See Nader v. Bork,* 366 F.Supp. 104, 109 (D.D.C.1973). Under the circumstances in which independent counsels operate, their appointment by the Judicial Branch is warranted and constitutional in the same manner as the

U.S. 1, 126 n. 162, 96 S.Ct. 612, 685 n. 162, 46 L.Ed.2d 659 (1976) (*citing Auffmordt v. Hedden,* 137 U.S. 310, 327, 11 S.Ct. 103, 108, 34 L.Ed. 674 (1890); *United States v. Germaine,* 99 U.S. (9 Otto) 508, 25 L.Ed. 482 (1879)) ("Employees are lesser functionaries subordinate to officers of the United States")). Therefore, the fact that Associate Independent Counsel were appointed by the Independent Counsel and not the Special Court does not invalidate their appointments or the Act.

4. That the Attorney General must first apply for the appointment of an Independent Counsel before the Court may act is a vital limitation on the Court's power under § 593(b). If the Attor-

ney General decides to apply for the appointment of an independent counsel, his decision is not reviewable by any court. 28 U.S.C. § 592(f). Similarly, if the Attorney General determines that there are no reasonable grounds to believe that further investigation or prosecution is warranted, that decision is also unreviewable. *See, Banzhaf v. Smith,* 737 F.2d 1167, 1169–70 (D.C.Cir.1984); *accord Dellums v. Smith,* 797 F.2d 817, 823 (9th Cir.1986). In fact, the Court may not even extend the jurisdiction of the Independent Counsel if the Attorney General has denied such request. *In re Olson,* at 44–46.

courts' appointment of interim United States Attorneys (*See, United States v. Solomon*, 216 F.Supp. 835 (S.D.N.Y.1963)) and attorneys to initiate criminal contempt proceedings *See, Young v. United States ex rel. Vuitton et Fils*, —— U.S. ——, 107 S.Ct. 2124, 95 L.Ed.2d 740 (1987); *Musidor, B.V. v. Great American Screen Design, Ltd.*, 658 F.2d 60 (2d Cir.1981); *Matter of Green*, 586 F.2d 1247 (8th Cir.1978)). *See also* the inter-branch appointments upheld in *Rice v. Ames*, 180 U.S. 371, 21 S.Ct. 406, 45 L.Ed. 577 (1901); *Go-Bart Importing Co. v. United States*, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374 (1931); *Hobson v. Hansen*, 265 F.Supp. 902 (D.D.C.1967). The clear and precise words of the Appointments Clause validate all of these appointments.[5]

## SEPARATION OF POWERS

A major theme running through the argument that the Independent Counsel provisions of the Ethics in Government Act are unconstitutional is the contention that the whole scheme represented by the Act violates separation of powers principles. This argument is advanced particularly with regard to the removal provisions of the Act, and the absence of ongoing Presidential supervision over the exercise of the Independent Counsel's discretion.

■ These issues are appropriately examined in a manner accepted by the Supreme Court. As the Court wrote in *Banzhaf v. Smith*, 588 F.Supp. at 1507,

The Supreme Court has admonished the lower courts that, in matters involving the separation of powers, a pragmatic, flexible approach, must control (*citing Nixon v. Administrator of General Services*, 433 U.S. 425 at 442 [97 S.Ct. 2777, at 2789, 53 L.Ed.2d 867] (1977)) and that separation of powers questions must be

resolved "according to common sense and the inherent necessities of the governmental coordination" (*quoting Buckley v. Valeo*, 424 U.S. 1, 122 [96 S.Ct. 612, 683, 46 L.Ed.2d 659] (1976) (*quoting Hampton & Co. v. United States*, 276 U.S. 394, 406 [48 S.Ct. 348, 351, 72 L.Ed. 624] (1928))).

### Removal Provision

Pursuant to 28 U.S.C. § 596(a)(1):

A(n) independent counsel appointed under this chapter may be removed from office, other than by impeachment and conviction, only by the personal action of the Attorney General and only for good cause, physical disability, mental incapacity, or any other condition that substantially impairs the performance of such independent counsel's duties.

Although this provision of the act clearly places the authority to remove an independent counsel exclusively in the Attorney General, it is argued that the limitations placed on the Executive Branch's power of removal contravene the principle of separation of powers. This argument is advanced as well in relation to the authority of the Special Division under § 596(a)(3) which provides:

A(n) independent counsel so removed may obtain judicial review of the removal in a civil action commenced before the division of the court and, if such removal was based on error of law or fact, may obtain reinstatement or other appropriate relief.

Supreme Court precedent suggests that in situations such as this one, where an inferior officer requires a certain degree of independence from the President for the proper execution of his assigned functions, the Congress may insulate him or her from the threat of termination at will by the

---

**5.** That the Special Division also defines the jurisdiction of independent counsels does not invalidate the Ethics in Government Act. As stated above, the Court may constitutionally appoint an independent counsel under Article II because this appointment meets the incongruity test set forth by the Supreme Court. The power of the Court to define the independent counsels' jurisdiction is a necessary and proper incident

of this appointment power. Independent counsels must be appointed to specific and limited tasks. To avoid the same incongruity that caused Congress to vest the appointment power in the Special Court, the Court was also given the authority to define the independent counsels' jurisdiction. The Constitution does not bar this action of the Legislature.

Executive. First, the Supreme Court accepted even more stringent limitations than found here on the President's removal power in the case of the Watergate Special Prosecutor. *See, United States v. Nixon,* 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). Additionally, both *Humphrey's Executor v. United States,* 295 U.S. 602, 55 S.Ct. 869, 79 L.Ed. 1611 (1935) and *Wiener v. United States,* 357 U.S. 349, 78 S.Ct. 1275, 2 L.Ed.2d 1377 (1958) also upheld congressional authority to impose limitations on the removal power of the President. The Court, in deciding the latter two cases, looked to the nature of the function vested in the official by the Legislature to see whether independence from the Executive was a necessary characteristic of his position. The same analysis when applied here demands the conclusion that independent counsels must not be subject to removal at will by the President. For the reasons previously stated, it is beyond peradventure that "the very purpose of the office requires a degree of independence from Presidential control." *North v. Walsh,* 656 F.Supp. 414, 421, n. 9 (D.D.C. 1987). The removal provision, therefore, does not violate the principle of separation of powers.[6]

The Congress's limits on the Attorney General's authority to remove an independent counsel are also valid for another reason. In *United States v. Perkins,* 116 U.S. 483, 485, 6 S.Ct. 449, 450, 29 L.Ed. 700 (1886), the Court upheld the power of Congress to place limitations on the Secretary of the Navy's authority to dismiss naval cadets who were inferior officers appointed by the Secretary. The Court wrote:

> We have no doubt that when Congress, by law, vests the appointment of inferior officers in the heads of Departments it may limit and restrict the power of removal as it deems best for the public interest. The constitutional authority in Congress to thus vest the appointment

implies authority to limit, restrict, and regulate the removal by such laws as Congress may enact in relation to officers so appointed.

*Id.* at 485, 6 S.Ct. at 450. Here, because Congress validly vested the appointment of independent counsels in the court of law under Article II, it also validly limited the circumstances under which independent counsels may be removed.

*Absence of Presidential Supervision*

As has previously been noted, independent counsels operate within a limited and narrowly defined class of cases. With regard to these cases, however, they are given a large degree of independence from the Attorney General and the President.

■ Supreme Court precedent as well as "common sense and the inherent necessities of the governmental coordination" suggest strongly that the authority of independent counsels does not violate the separation of powers principle. In *United States v. Nixon,* 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974), the Court recognized and accepted that "the Attorney General has delegated the authority to represent the United States in these particular matters to a Special Prosecutor with unique authority and tenure." *Id.* at 694, 94 S.Ct. at 3100. The Court knew that this authority included "plenary authority to control the course of investigation and litigation related to" the Watergate matter. *Id.* at 694, n. 8, 94 S.Ct. at 3100, n. 8 (*citing* 38 Fed.Reg. 30739, as amended by 38 Fed. Reg. 32805).

Although the Watergate Special Prosecutor was appointed by a regulation promulgated by the Attorney General, the Court's acceptance of the constitutionality of an independent prosecutor is equally applicable here. In both cases, inferior officers were freed from daily supervision by the

---

6. It is significant that, although the basis of the foregoing argument is the violation of the principle of separation of powers, the Congress, in enacting the Ethics in Government Act, did not "aggrandize itself at the expense of the other two branches." *Buckley v. Valeo,* 424 U.S. at 129, 96 S.Ct. at 687 (1976). This is an important distinction between this matter and cases such as *INS v. Chadha,* 462 U.S. 919, 103 S.Ct. 2764, 77 L.Ed.2d 317 (1983) and *Bowsher v. Synar,* — U.S. ——, 106 S.Ct. 3181, 92 L.Ed.2d 583 (1986). Similarly, the Judicial Branch has no opportunity to aggrandize itself under the Act.

Executive so that they could best perform their duties and thereby satisfy congressional intent. *See also, Kendall v. United States,* 37 U.S. (12 Pet.) 524, 9 L.Ed. 1181 (1837); *Humphrey's Executor,* 295 U.S. 602, 55 S.Ct. 869, 79 L.Ed. 1611 (1935); *Wiener v. United States,* 357 U.S. 349, 78 S.Ct. 1275, 2 L.Ed.2d 1377 (1958). Here, as in the above-cited cases, the Independent Counsel's power comports with the Constitution.

CONCLUSION

The Independent Counsel provisions of the Ethics in Government Act represent Congress's measured response to the recurrent question of how to enforce the laws of the United States when they are violated by high government officials. Congress chose to use its authority, well settled under the Constitution and Supreme Court precedent, to create a mechanism to guarantee the integrity and independence of criminal investigations in matters where the Department of Justice has real or apparent conflicts of interest. By carefully assigning the functions necessary for the accomplishment of its purpose, it has constitutionally addressed an important national need. For the United States, the Act represents a landmark effort to instill public confidence in the fair and ethical behavior of public officials.